273 So.2d 1 (1973)
MENNELLA PLASTERING, INC., a Florida Corporation, Petitioner,
v.
ADOBE BRICK AND SUPPLY CO., INC., a Florida Corporation and United States Fidelity and Guaranty Co., a Maryland Corporation, Respondents.
No. 42731.
Supreme Court of Florida.
January 17, 1973.
Rehearing Denied February 28, 1973.
Reiseman & Buchbinder, Miami, for petitioner.
S. Alan Stanley, of Turner, Hendrick, Guilford, Goldstein & McDonald, Coral Gables, for respondents.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, Third District (Mennella Plastering, Inc. v. Adobe Brick and Supply Co., 265 So.2d 750), which allegedly conflicts with a prior decision of this Court (Kostecos v. Johnson, 85 So.2d 594), on the same point of law. Fla. Const., art. V, § 4, F.S.A. We have found that there is direct conflict and, therefore, we have jurisdiction.
The sole matter raised for consideration before this Court is whether or not a circuit judge may take judicial notice of another suit pending before or decided by the circuit court. In the case sub judice, the *2 trial judge entered a summary judgment in favor of respondent, relying on the pleadings, affidavits, depositions, and transcripts of testimony in the case sub judice and in another action between the parties which had been concluded before the circuit court. The earlier trial record was not introduced into evidence, but was included in the record on appeal, over the objection of petitioner. The District Court affirmed the trial court.
Kostecos v. Johnson, supra, relied upon by petitioner, held:
"Although no error is assigned on this proposition, both parties evidently agreeing that the procedure was correct, we are constrained to point out that the trial court is not authorized to take judicial notice of the records in a different case pending or disposed of in the same court but outside the record in the case before him." 85 So.2d 594, 596.
In Kostecos v. Johnson, supra, the reason for the rule was evident in that the record on appeal was insufficient, containing only selections of the record relied upon. However, this Court relied upon that record in considering the merits of the case and, while decrying the practice, affirmed the trial court. The Court noted the reason for the rule:
"The judgment recites that the trial judge took judicial notice of the entire contents of the records in the two delinquent tax cases. Undoubtedly he could conveniently call upon the office of the clerk of the court to bring the records before him and make them available for his examination in arriving at a judgment. Upon appeal, however, this court is not similarly situated and we are, therefore, obviously without the information contained in the two records... ." 85 So.2d 594, 596.
The infirmity which plagued this Court in Kostecos v. Johnson, supra, is not present in the case sub judice, as the record relied upon by the trial judge was included, in its entirety, in the record on appeal. Neither was there any showing that the petitioner was prejudiced by the procedure. The error was harmless. Although there is conflict, we should not disturb the decision of the trial court and of the District Court of Appeal. Fla. Stat. § 924.33, F.S.A.
Accordingly, the writ of certiorari is discharged.
It is so ordered.
ROBERTS, Acting C.J., and BOYD, McCAIN and DEKLE, JJ., concur.