LETTS, Judge.
This appeal stems from a dismissal with prejudice of a fourth amended complaint seeking to set aside a sheriff’s sale of appellant’s real property, to satisfy a judgment obtained by the appellee. We reverse.
*610 The appellant is the former husband of the appellee ex-wife. During coverture said real estate title was held as a tenancy by the entirety but, upon the marriage dissolution, became a tenancy in common, with the ex-wife and children granted possession thereof.
Apparently the husband failed to make his required alimony payments and the wife reduced the $1,439.30 arrearages to judgment together with a second judgment for her attorneys fees in the sum of $658.70.
Thereafter, the wife levied executions on both judgments and notwithstanding the fact that the property in question is located in the heart of Orlando, advertised her notice of the sheriff’s sale in a small weekly newspaper (The Apopka Chief) pursuant to Florida Statute § 56.21 (1975). Not surprisingly, neither the husband nor anyone else, was aware of, or showed up for, the sale. Thus, the wife bought it in for the smaller of the two judgments. Accordingly, for a total outstanding indebtedness of some $2,100, the husband lost his one-half interest in a $50,000 house with an equity of $31,000.
Regardless of the seeming inequity of the foregoing, we would be compelled to affirm but for one significant allegation in the perhaps inartfully drawn complaint. Specifically the husband alleges that:
. the plaintiff was informed, believed and understood that the property would be sold only when the last of the minor children attained the age of 21 years . . . . Nor was any evidence every communicated to the plaintiff that such executions would be acted upon, except that such judgments would be satisfied at any sale of the premises that the plaintiff relied upon and believed that his interest in the property would not be sold without direct notice to him, and that the lack of any proceedings or action taken on the executions for a period of approximately 16 months lulled the defendant into the belief that the information conveyed to him that no sale would be made without notice of action to him was in fact understood and followed.
Such allegations may or may not be susceptible of proof, but in our opinion they are sufficient to raise the issue of the confidential relationship existing between co-tenants and thus survive a motion to dismiss. (See 8 Fla.Jur. Cotenancy § 14 for a general discussion of the cotenancy relationship).
We are aware that a cotenant, under certain circumstances, can succeed to the rights of his other cotenant (for example, see Wooten v. Post, 97 So.2d 369 (Miss.1957) and such may be appropriate here. However, in the light of the quoted allegations of the complaint, we feel that the wife should be required to plead further.
REVERSED and REMANDED.
ALDERMAN, C. J., and DOWNEY, J., concur.