428 So.2d 669 (1982)
Augustin P. LAGARDE, Jr., et al., Appellants,
v.
OUTDOOR RESORTS OF AMERICA, INC., a Tennessee Corporation, Appellee.
No. 82-645.
District Court of Appeal of Florida, Second District.
December 10, 1982.
*670 Frederic B. O'Neal of Winderweedle, Haines, Ward & Woodman, P.A., Winter Park, for appellants.
Scott J. Johnson of Maguire, Voorhis & Wells, P.A., Orlando, for appellee.
CAMPBELL, Judge.
Appellants seek review of an order of the trial court which dismissed their complaint for declaratory relief on the grounds of res judicata. We affirm.
The issue of res judicata is normally raised by way of answer and affirmative defense rather than by motion to dismiss, unless the allegations of the complaint demonstrate the existence of the issue of res judicata. Hough v. Menses, 95 So.2d 410 (Fla. 1957). We cannot determine from the face of the complaint that the issue is so clearly raised there as to support the dismissal of the complaint on the basis of res judicata. In addition, the record does not demonstrate that appellants properly requested that the trial court take judicial notice, pursuant to sections 90.201-90.204, Florida Statutes (1981), of the prior proceeding in the same court which allegedly supports the defense of res judicata. However, that prior proceeding was the subject of an appeal to this court in Wilson v. Outdoor Resorts of America, Inc., 412 So.2d 491 (Fla.2d DCA 1982), where we affirmed the trial court without opinion. Appellee requested in its brief and at oral argument in this cause that we take judicial notice of the prior appeal. Accordingly, following oral argument in this cause, we issued an order pursuant to section 90.202(6), Florida Statutes (1981), that we would take judicial notice of the records of the prior appeal, and that pursuant to section 90.204(1), the parties would be given ten days to respond to the propriety of taking judicial notice and to the nature of the matter noted. Responses have been received from both parties.
On the basis of the record of the prior appeal, we now determine that the issues raised on appeal in this cause and in the underlying proceeding in the trial court are res judicata as a result of the previous appeal and its underlying proceeding. The issues and the parties in the previous appeal and in this appeal are for all practical purposes identical. Because we are now able to determine from the records before us that the defense of res judicata is proper, we affirm the trial court's order of dismissal even though there are technical procedural deficiencies in the manner in which the issue of res judicata was raised below.
Briefly, the history of these proceedings is helpful in understanding our disposition of this appeal. In the proceedings in the trial court resulting in the prior appeal, Outdoor Resorts of America, Inc., initiated a class action for declaratory and injunctive relief against the lot owners of a condominium resort called Outdoor Resorts of Orlando by naming five representative lot owners as parties defendant. A default was subsequently entered against the five representative owners, and eventually the court entered final judgment in favor of Outdoor *671 Resorts of America, Inc. Thereafter, the persons who are named appellants here filed in that proceeding a timely motion for rehearing and relief pursuant to rule 1.540(b), Florida Rules of Civil Procedure, alleging among other things that the five representative owners were not representative of the class and did not adequately represent the class. After a hearing on that motion, the trial court entered an order denying relief which resulted in the previous appeal which we have now judicially noticed.
The proper way to attack a final judgment in a class action is by a proceeding pursuant to rule 1.540(b). Scott v. Walker, 378 So.2d 828 (Fla.2d DCA 1979); Erhardt v. Erhardt, 362 So.2d 70 (Fla.2d DCA 1978). The parties who sought that relief in the previous trial proceeding and its ensuing appeal are the same parties who brought the separate declaratory action below was the same and the parties were the same. It would be useless and futile for us to send this matter back to the trial court when we can so readily determine from our own records that the matter is, in fact, res judicata. We therefore decline to do so and we affirm. See Burney v. State, 402 So.2d 38 (Fla.2d DCA 1981).
AFFIRMED.
SCHEB, J., concurs.
GRIMES, A.C.J., concurs specially with opinion.
GRIMES, Acting Chief Judge, concurring specially.
Ordinarily, an appellate court will not take judicial notice of its own records except those pertaining to a prior review of the same case. See McNish v. State, 47 Fla. 69, 36 So. 176 (1904). Cf. DeBearn v. Safe Deposit & Trust Co., 233 U.S. 24, 34 S.Ct. 584, 58 L.Ed. 833 (1914), in which the United States Supreme Court held that it had the right to take judicial notice of its prior decisions so long as at least one of the current parties had been involved therein. Our determination in this case to take judicial notice is only justified by the fact that the trial court had before it the pertinent portions of the prior suit and heard extensive arguments concerning its effect. Since our record of that suit so clearly demonstrates the applicability of res judicata, no purpose would be served by reversing the judgment for its technically premature entry except to put parties in this already protracted litigation to additional unnecessary expense.