481 So.2d 87 (1986)
Blake LIVINGSTON, Appellant,
v.
Barbara SPIRES, Appellee.
No. BD-89.
District Court of Appeal of Florida, First District.
January 7, 1986.
*88 Al Millar, Jacksonville, for appellant.
Jack M. Schemer of Coxe, Schemer & Smith, Jacksonville, for appellee.
PER CURIAM.
Livingston appeals from a judgment of dismissal, which had dismissed with prejudice his complaint on the ground of res judicata. He argues that a motion to dismiss is not the proper vehicle by which to dispose of the case when the allegations contained in the complaint do not on their face reveal the existence of the defense. We agree.
"[T]he issue of res judicata is an affirmative defense, and affirmative defenses cannot be raised in a motion to dismiss unless the allegations of a prior pleading in the case demonstrate their existence." City of Clearwater v. United States Steel Corp., 469 So.2d 915, 916 (Fla. 2d DCA 1985); see Florida Rules of Civil Procedure 1.110(d) and 1.140(b); Holley v. Universal Rental Properties, Inc., 416 So.2d 861 (Fla. 1st DCA 1982). In considering appellee's motion to dismiss, the trial court was required to confine itself to the allegations contained within the four corners of appellant's complaint. City of Clearwater, 469 So.2d at 916. Since appellant's complaint did not mention the prior final judgment of dissolution, the complaint does not "affirmatively and clearly" show "the conclusive applicability" of res judicata to bar this action. Evans v. Parker, 440 So.2d 640, 641 (Fla. 1st DCA 1983). Additionally, this court has stated that res judicata "cannot ... be asserted by allegations of fact stated in the motions, nor can ... [it] be established by the introduction of extrinsic evidence at the hearing thereon." Glass v. Armstrong, 330 So.2d 57, 58 (Fla. 1st DCA 1976) (quoting Moskovits v. Moskovits, 112 So.2d 875, 878 (Fla. 1st DCA 1959)). Finally, the record before us does not reflect that appellee properly requested that the trial court take judicial notice, pursuant to Sections 90.201-.204, Florida Statutes, of the prior dissolution proceeding which allegedly supports the defense of res judicata, or that the parties stipulated that the court could take such notice. See City of Clearwater, 469 So.2d at 916; Lagarde v. Outdoor Resorts of America, Inc., 428 So.2d 669 (Fla. 2d DCA 1982). Under the circumstances, appellee improperly raised the issue of res judicata in her motion to dismiss and must, upon remand, plead and prove res judicata as an affirmative defense. Holley, 416 So.2d at 861.
Reversed and remanded for further consistent proceedings.
ERVIN, JOANOS and BARFIELD, JJ., concur.