DOWNEY, Judge.
Appellee, NCNB National Bank of Florida (NCNB), commenced this suit in Palm Beach County for damages against appel-lee, Gem Delicatessen & Restaurant, Inc. (Gem), for its failure to make certain payments due under an equipment lease. The complaint also sought to foreclose a mort *200 gage on property in Palm Beach County, Florida, given by Murray J. Kerper and Susan A. Kerper, his wife (Kerpers), to secure their written guaranty of the Gem lease obligation. Said lease obligation had also been guaranteed by Phoenix Development Corporation (Phoenix), which guaranty was secured by a mortgage on property in Martin County, Florida.
Simultaneously with the filing of this suit in Palm Beach County, NCNB also instituted a suit to foreclose the mortgage on the property in Martin County, Florida. That suit resulted in a final judgment of foreclosure prior to the trial on the Palm Beach County suit and the property was bid in by NCNB. Since the value of that property would constitute a credit upon the debt due by Gem or the Kerpers arising out of the lease obligation, that value became a focal point of this case in Palm Beach County against the Kerpers. NCNB contended that the Kerpers owed it approximately seventy thousand dollars, while the Kerpers argued that the value of the Phoenix property satisfied the bank’s claim, if it did not overpay it. Furthermore, the Ker-pers and Gem affirmatively alleged that the transaction between Gem and NCNB was a loan and not a lease, and that the loan was usurious.
Prior to trial of the Kerpers’ case in Palm Beach County, the parties stipulated that: (1) “This action arises out of Defendants’ breach of an Equipment Lease Agreement and Personal Guaranties and the foreclosure of real property mortgages to secure said Personal Guaranties.” (2) “Plaintiffs appraiser and Defendants’ appraiser have both concluded that the home which plaintiff foreclosed against in Martin County [the Phoenix property] ... had in their opinion an estimated fair-market value of $925,000.00 Such values [were] determined as of January 9, 1984, and April 11, 1984, respectively.” (3) The parties stipulated on “the authenticity of pleadings and papers from the court files in NCNB National Bank of Florida, f/k/a Gulf-stream Bank, N.A. v. Phoenix Development Corporation, Circuit Court in and for Martin County, Florida (Case No. 83-1137 CA).”
At trial, an officer of NCNB testified that, after purchasing the Phoenix property at foreclosure sale, NCNB listed the property for sale for six months at $900,-000 and was unable to sell it. He also stated that, prior to the foreclosure, Phoenix, the developer of the property, had attempted to sell it for over a year and one-half without success. The evidence further showed that the amount owed NCNB at the time of trial was $278,978.05. The trial concluded in June 1984. However, in January 1985, prior to entry of a judgment in this case, the trial court had two status conferences at which time the trial judge was shown, without objection, a deficiency judgment dated November 19, 1984, finding that the fair-market value of the Phoenix property was $800,000, and a closing statement reflecting the sale of the property on August 1, 1984, for $800,000.
Final judgment in this case was entered on January 11, 1985, in favor of NCNB, finding the balance due from the Kerpers to be $70,997.51, together with interest, attorney’s fees and costs, totaling $100,901.90. Kerpers’ first point on appeal attacks this finding primarily based on Ker-pers’ conclusion that the value of the Phoenix property was $925,000 pursuant to the pretrial stipulation of the parties. NCNB counters that contention by pointing out that the stipulation simply states what the two appraisers would testify to; it did not agree that $925,000 was the actual market value of the property. In fact, the bank contends the evidence adduced at trial indicates the property could not be sold even at $900,000. Furthermore, the final judgment and closing statement from the Phoenix suit established that the property sold for $800,000 in August, 1984, and that was the court’s finding of its market value. Granted, these documents were not formerly offered into evidence as they should have been. However, they were stipulated to be authentic and they were shown to the trial judge without objection during a status conference held prior to entry of the judg *201 ment, which was no doubt held to assist the trial judge in arriving at his ultimate decision. In addition, these documents are part of the record in this case. Based upon the facts and circumstances found herein, we believe any error in this procedure was harmless and that the trial judge’s findings of the amount due are supported in the record. See Mennella Plastering, Inc. v. Adobe Brick and Supply Co., 273 So.2d 1 (Fla.1973).
The Kerpers’ second point on appeal contends the trial court erred in finding against them on their affirmative defense of usury. In their appellate brief, the Ker-pers argue that the lease involved herein was a disguised loan yielding interest of 20.6% per annum and, therefore, under section 687.02, Florida Statutes, the transaction was usurious because the interest exceeded eighteen percent, the maximum rate allowed in Florida. Thus, the Kerpers alleged that a forfeiture of the entire interest charged was required. The Kerpers conceded in the trial court and in their appellate brief that, since NCNB is a national bank, under 12 U.S.C. § 85 the bank is entitled to charge the interest rate allowed by the laws of the state where the bank is located, or one percent in excess of the discount rate on ninety-day commercial paper, whichever is greater. Since the burden of proof on the affirmative defense of usury was on the Kerpers, it was incumbent on them to prove the federal discount rate and that the actual rate charged was excessive. Neither Kerpers, nor anyone else, proved that the interest charged exceeded that authorized by the federal discount rate. Thus, the record supports the trial judge’s conclusion that the defense of usury was not proven. At oral argument, Kerpers took a somewhat different tack and contended that, under federal cases, the federal statute, 12 U.S.C. § 85, had been construed to restrict the maximum interest rate chargeable by national banks to the same rate that state banks were allowed to charge their most favored lenders. That is not the basis on which the issue was presented to the trial court and, thus, it cannot be espoused on appeal.
Accordingly, we find no reversible error demonstrated and affirm the judgment appealed from.
WALDEN, J., and WESSEL, JOHN D., Associate Judge, concur.