624 So.2d 865 (1993)
Howard C. LUCAS, Appellant,
v.
Glen E. DAVIDSON, Appellee.
No. 92-04316.
District Court of Appeal of Florida, Second District.
October 8, 1993.
*866 Beach A. Brooks, Jr., of Peterson, Myers, Craig, Crews, Brandon & Puterbaugh, P.A., Winter Haven, for appellant.
Lance Holden of Sharit, Bunn, Chilton & Holden, Winter Haven, for appellee.
PATTERSON, Judge.
This case is the latest round in an ongoing controversy arising from the dissolution of an agricultural partnership between friends. In 1990, Glen E. Davidson filed an action in the Circuit Court of Polk County to dissolve the partnership. The matter was ultimately referred to an arbitrator, who determined the value of the partnership for dissolution purposes. During the course of arbitration, Howard C. Lucas, individually, made certain partnership loan payments. In 1992, he instituted suit against Davidson to recoup the share of those obligations which were attributable to Davidson's partnership interest. Davidson countered with a motion to dismiss which asserted that the 1990 lawsuit and arbitration barred the current action on the basis of res judicata. The trial court granted the motion with prejudice. We reverse.
Res judicata is an affirmative defense which cannot be raised by way of a motion to dismiss unless it is clear on the face of the pleadings. See Byrd v. City of Niceville, 541 So.2d 696 (Fla. 1st DCA), review denied, 548 So.2d 662 (Fla. 1989); Livingston v. Spires, 481 So.2d 87 (Fla. 1st DCA 1986). The meager record in this case cannot support such a conclusion. We therefore reverse and remand to permit Davidson to answer the complaint and assert res judicata as an affirmative defense if he so desires.
Reversed and remanded.
SCHOONOVER, A.C.J., and HALL, J., concur.