PER CURIAM.
The sole dispositive issue presented in these consolidated appeals is whether deceased serviceman Roy Duncan’s designated beneficiary under a Servicemen’s Group Life Insurance (SGLI) policy shall prevail over his former wife Margaret Duncan’s claim that the beneficiary was redesignated upon Roy Duncan’s remarriage contrary to a dissolution decree entered by the state court. Be *1355 low, the insurance proceeds were awarded to Roy Duncan’s designated beneficiary, his present wife Carmen Duncan. We must affirm on the authority of Ridgway v. Ridgway, 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981) (controlling provisions of federal statute establishing SGLI program, which set out the order of precedence by which the policy benefits are to be paid, prevail over inconsistent state law; state divorce decrees cannot divert proceeds from beneficiary designated by the insured).
We note that Carmen Duncan and her counsel acknowledged below at least a moral obligation on the part of Carmen Duncan to continue to pay the $300 per month alimony obligation to Margaret Duncan based on the express desires of the deceased, Roy Duncan. Our affirmance herein is without prejudice to Margaret Duncan’s right to seek to establish a trust or other legal right to continue to receive the $300 per month alimony obligation from the assets of the estate of Roy Duncan or assets of Carmen Duncan received from Roy Duncan or his estate. Although Ridgway precludes a state court from imposing a trust or other right to the proceeds of the SGLI insurance policy, it does not prevent the establishment of a constructive trust or other right with respect to other assets based upon equitable principles. Holmes v. Holmes, 463 So.2d 578 (Fla. 1st DCA 1985). Margaret Duncan argues on appeal that the trial court below erred in not imposing a trust on the entire $200,000 proceeds of the policy based upon the instructions of Roy Duncan to Carmen Duncan “to take care of what needed to be done as far as alimony was concerned.” However, as we view the record, no claim for the imposition of a trust or other right of Margaret Duncan to the $300 per month was expressly plead or presented to the trial court. Accordingly, it would be premature for us to rule on this issue on this record.
AFFIRMED.
MICKLE, BENTON and VAN NORTWICK, JJ., concur.