690 So.2d 687 (1997)
Margaret DUNCAN, Appellant,
v.
The PRUDENTIAL INSURANCE COMPANY, et al, Appellees.
Margaret DUNCAN, Appellant,
v.
The ESTATE OF Roy DUNCAN, and Carmen S. Duncan, individually and as Personal Representative, Appellees.
Nos. 96-3450, 96-3635.
District Court of Appeal of Florida, First District.
April 1, 1997.
*688 David W. Palmer II, Fort Walton Beach, for Appellant.
Nickolas G. Petersen, Shalimar, for Appellees.
PER CURIAM.
In a previous appeal of an interpleader action involving Margaret Duncan, the former wife of the deceased, and Carmen Duncan, widow of the deceased, this court affirmed the determination that Carmen, as the designated beneficiary under her deceased husband's Servicemen's Group Life Insurance (SGLI) policy, was entitled to the proceeds of the policy. See Duncan v. Duncan, 662 So.2d 1354 (Fla. 1st DCA 1995). The court went on to suggest that Margaret might be able to impose a constructive trust or other right to continue to receive $300 per month, representing her former husband's alimony obligation, based on an acknowledged moral obligation. The court specifically noted that federal precedent precludes a state from imposing a trust on the proceeds of an SGLI policy, but does not preclude establishing a constructive trust or other right, based on equitable principles, with respect to other assets. See id.
Rather than seeking to impose a constructive trust for $300 per month based on the acknowledged moral obligation referred to in that opinion, in case no.96-3635, Margaret once again sought to impose a trust on the entire $200,000 proceeds of the SGLI, or to otherwise obtain assets representing the entire $200,000. The trial court dismissed her complaint based on principles of res judicata and estoppel by judgment. While we agree with appellant that these are affirmative defenses which ordinarily cannot be raised by motion to dismiss, appellant specifically incorporated the previous proceedings into her complaint by reference, thus the trial court had before it a complete history of this litigation. See, e.g., Lucas v. Davidson, 624 So.2d 865 (Fla. 2d DCA 1993)(res judicata is affirmative defense that cannot be raised by motion to dismiss unless clear on face of pleadings). We affirm the dismissal.
In case no. 96-3450, Margaret appeals an award of attorney's fees in Carmen's favor, based on the offer of judgment statute, section 768.79, Fla. Stat., contending that the statute was not applicable to the previous interpleader action because it was an equitable action, the offer was not made in good faith, and Carmen was not the prevailing party. We disagree. The statute applies to any civil action for damages, see, e.g., Burtman v. Porchester Holdings, Inc., 680 So.2d 631 (Fla. 4th DCA 1996)(essential issue clearly a dispute over money), insofar as this record shows, the good faith issue was not raised below, and Carmen was the prevailing party in that action.
The orders appealed are AFFIRMED in all respects.
JOANOS, WOLF and VAN NORTWICK, JJ., concur.