PER CURIAM.
We reverse an order dismissing Appellant’s petition for modification of child support.
A final judgment of dissolution was entered in 1993 which incorporated the terms of a marital settlement agreement. Shortly thereafter, Appellee defaulted on his obligations thereunder, and Appellant filed her first petition for modification with an amended petition in February of 1994. In June 1994, Appellant filed a “motion to enforce child support and to compel [Appellee to pay certain mortgage and maintenance obligations and fees].” She subsequently filed a motion for emergency relief regarding child support. The court entered a final order on Appellant’s motion to enforce child support, denying Appellant’s request to compel payment of mortgage and maintenance payments on the former marital home. In 1996, Appellant filed another petition for modification, and in 1997, she filed the second amended petition for modification at issue here.
We reverse because on its face, Appellant’s petition alleges a substantial change in circumstance, including claims that the minor child’s needs have substantially increased since the entry of the final judgment, Appellant’s expenses have increased, and Ap *1148 pellant has filed for bankruptcy protection from creditors. The petition also claimed that Appellee had increased his available cash by $1,660,440 because of his. willful nonpayment of money due as equitable distribution. These allegations are sufficient to overcome a motion to dismiss. A petition for modification of child support need only allege a substantial change in either the child’s needs or one of the parent’s income. See Miller v. Schou, 616 So.2d 436 (Fla.1993).
We recognize that Appellee asserts that Appellant is barred by res judicata and law of the case because she previously filed a motion for modification. However, apparently the earlier petition was never fully ruled upon, .as the court never made any decisions regarding Appellant’s request to increase child support, and she did not further pursue the matter until she filed the petition at issue. Further, Appellant has argued that the facts and circumstances have not remained the same, but that there has been a substantial change in circumstances since the first petition. In any event, affirmative defenses should not be considered in a motion to dismiss unless they have been clearly established in the complaint itself. See Bess v. Eagle Capital, Inc., 704 So.2d 621 (Fla. 4th DCA 1997).
STONE, C.J., and FARMER and STEVENSON, JJ., concur.