SAWAYA, J.
The former husband, Rene Sanchez, appeals the dismissal of his supplemental and amended supplemental petitions for modification. He argues (1) he was entitled to modification of his support obligation based upon his substantial decrease in income, and (2) the court erred in dismissing his petitions on the grounds of res judica-ta. We reverse.
The parties were divorced in 1996. In the dissolution proceedings, Mr. Sanchez agreed, pursuant to a settlement agreement that was incorporated into the final judgment, to pay $1000 per month for the support of the parties’ only child. At the time of the dissolution, Mr. Sanchez was employed as a car salesman earning approximately $120,000 annually.
On May 1, 1998, Mr. Sanchez filed for modification of child support alleging that since the divorce decree, he had involuntarily lost his job and was only able to obtain employment at a much lower salary. He lost his job based on allegations that he battered an individual. Approximately two months after Mr. Sanchez filed his motion and before his motion was heard, the former wife filed a contempt motion based upon Mr. Sanchez’s failure to make the $1000 per month payment since May 1998. Although the record does not contain the transcript of the hearing on the former wife’s contempt motion, the order on the motion states that a hearing was held on the contempt motion and on Mr. Sanchez’s motion for modification. The court granted the contempt motion, denied the motion to modify, and determined ar-rearages.
Mr. Sanchez filed for rehearing alleging that his due process rights were violated when the court decided his motion for modification without notice to him that his motion was to be heard. The court subsequently denied rehearing, citing Carnell v. Carnell, 398 So.2d 503 (Fla. 5th DCA) (holding that where the motion for rehearing raised no issue with merit that had not been previously argued to the court during trial, the complaining party was not denied due process by the court’s act of denying rehearing without giving the parties a chance to present oral argument), review denied, 407 So.2d 1102 (Fla.1981). Mr. Sanchez did not appeal that order.
Mr. Sanchez subsequently filed a Supplemental Petition for Modification of Final Judgment of Dissolution of Marriage. Although some of the allegations of the supplemental petition are the same as in his original petition, other allegations are different. Mr. Sanchez repeated his contention that child support should be decreased due to his involuntary decrease in income. He added the contentions that the former wife was now employed and that the child was no longer in day care (apparently in reference to the requirement that Mr. Sanchez pay $250 per month for day care expenses in addition to his $1000 per month support). Mr. Sanchez asked the court to calculate the support obligation pursuant to the support guidelines.
The former wife filed a motion to dismiss the supplemental petition asserting that the supplemental petition sought the same relief that was requested in the earlier modification petition. She also alleged that the supplemental petition failed to mention that Mr. Sanchez’s voluntary criminal conduct resulted in the loss of his employment, and that the trial court had previously disposed of all of these issues.
Mr. Sanchez subsequently filed an Amended Supplemental Petition for Modification of Final Judgment of Dissolution of Marriage. The amended petition in- *613 eluded the allegations of the prior petition (that he had suffered a substantial decrease in income and that the child no longer was in day care) and added the assertions that the child support guidelines provided a basis for changing the support.[1] It also added the assertion that the child was now spending a substantial amount of time with Mr. Sanchez which entitled him to a variance from the guideline amount. See § 61.30(a), Fla. Stat. (1999).
The trial court entered an order stating that the cause had been heard on the motion to dismiss both the supplemental petition for modification and the amended supplemental petition for modification. The court granted the former wife’s motion to dismiss. No findings of fact were included in the order, and there is no transcript of the hearing.
Had the trial court denied Mr. Sanchez’s petitions on the merits rather than dismiss them, the lack of transcripts would have been fatal to Mr. Sanchez’s appeal. However, by dismissing the petitions, it is clear that the court accepted the former wife’s contention that the court had already decided the merits of the issues raised. We find that the supplemental and amended supplemental petitions raise issues not previously addressed and, on their face, appear to have merit. Mr. Sanchez should not be required to continue to contribute $250 monthly for day care expenses if the child is no longer in day care. His further contention that the child now spends a great deal of time with him may also warrant some adjustment in the support obligation. In Vincent v. Vincent, 715 So.2d 1147 (Fla. 4th DCA 1998), the court stated:
We recognize that Appellee asserts that Appellant is barred by res judicata and law of the case because she previously filed a motion for modification. However, apparently the earlier petition was never fully ruled upon, as the court never made any decisions regarding Appellant’s request to increase child support, and she did not further pursue the matter until she filed the petition at issue. Further, Appellant has argued that the facts and circumstances have not remained the same, but that there has been a substantial change in circumstances since the first petition. In any event, affirmative defenses should not be considered in a motion to dismiss unless they have been clearly established in the complaint itself. See Bess v. Eagle Capital, Inc., 704 So.2d 621 (Fla. 4th DCA 1997).
Id. at 1148; see also Lucas v. Davidson, 624 So.2d 865, 866 (Fla. 2d DCA 1993) (“Res judicata is an affirmative defense which cannot be raised by way of a motion to dismiss unless it is clear on the face of the pleadings.”); Warwick v. Post, 613 So.2d 563, 564 (Fla. 5th DCA 1993) (“[Regardless of the merits of the prospective affirmative defense of res judicata, the motion to dismiss was an incorrect vehicle for its consideration. Florida Rules of Civil Procedure 1.110(d) and 1.140(b).”). We conclude that Mr. Sanchez is entitled to have the merits of his petitions addressed.
REVERSED and REMANDED.
COBB and PETERSON, JJ., concur.

. Specifically, Mr. Sanchez asserted that section 61.30(l)(b) ("The guidelines may provide the basis for proving a substantial change in circumstances upon which a modification of an existing order may be granted.’’) was one basis for modification.