789 So.2d 1226 (2001)
Anthony E. RAMOS, individually, and formerly doing business as Law Offices of Anthony E. Ramos, Appellant,
v.
Pamela K. MAST, Appellee.
No. 4D00-3076.
District Court of Appeal of Florida, Fourth District.
July 25, 2001.
*1227 Anthony E. Ramos, West Palm Beach, Pro Se.
Pamela K. Mast, Upper St. Clair, PA, Pro Se.
PER CURIAM.
We reverse the trial court's order dismissing appellant's complaint with prejudice because it went beyond determining the sufficiency of the complaint.
Appellant, a former attorney and sole practitioner, brought an action against appellee, his former paralegal, for embezzlement of funds from his trust account. In a two-count complaint, appellant accused appellee of fraud and civil theft. Appellant later amended his complaint to include additional counts of racketeering, civil conspiracy, and libel. Appellee filed a motion to dismiss the complaint, with attachments. In her motion to dismiss, appellee alleged that the outcome of Florida Bar disciplinary proceedings exonerated her and entitled her to a dismissal of this action.
At the hearing on the motion to dismiss, the trial court took judicial notice of the supreme court's approval of the referee's report finding extensive trust account violations by appellant and the court's order of disbarment. The trial court dismissed the complaint with prejudice, determining that appellant was "estopped" from bringing this action against appellee because the report concluded that appellant, not appellee, "stole his client's money."
A motion to dismiss tests the legal sufficiency of the complaint. Barbado v. Green & Murphy, P.A., 758 So.2d 1173, 1174 (Fla. 4th DCA 2000)(citing Bess v. Eagle Capital, Inc., 704 So.2d 621 (Fla. 4th DCA 1997)). Thus, in ruling on a motion to dismiss, the court may not look beyond the four corners of the complaint in considering the legal sufficiency of the allegations. Id. Defenses such as collateral estoppel and res judicata are affirmative defenses that ordinarily must be pled in an answer, and not on a motion to dismiss. Id. (citing United Servs. Auto. Ass'n v. Selz, 637 So.2d 320 (Fla. 4th DCA 1994)).
Although res judicata and collateral estoppel are affirmative defenses which cannot ordinarily be raised by motion to dismiss, an exception is made when the face of the complaint is sufficient to demonstrate the existence of the defense. Bess, 704 So.2d at 622 (citing Duncan v. Prudential Ins. Co., 690 So.2d 687, 688 (Fla. 1st DCA 1997)(affirming dismissal on grounds of res judicata and estoppel by judgment where appellant had specifically incorporated into her complaint the previous proceeding)).
In this case, appellant's complaint did not set forth sufficient allegations regarding the bar proceedings to enable the trial judge to address the merits of the collateral estoppel defense asserted in appellee's motion to dismiss. Moreover, the transcript of the hearing on the motion to dismiss reflects that the trial court considered the referee's report and the order of disbarment when ruling on the motion. These matters were not properly raised or considered, because they were not included in the four corners of the complaint. Accordingly, we reverse the order dismissing appellant's complaint.
We also reverse the trial court's denial of appellant's motion to amend his *1228 complaint. Leave to amend should not be denied unless the privilege to amend has been abused or the complaint is clearly not amendable. See Soucy v. Casper, 658 So.2d 1017 (Fla. 4th DCA 1995); Imperial Bonita Estates, Inc. v. Minster, 283 So.2d 138 (Fla. 2d DCA 1973). Here, the court made no finding that the privilege was abused or that appellee would be prejudiced by the amendment.
REVERSED.
POLEN C.J., STEVENSON and TAYLOR, JJ., concur.