ALTENBERND, Judge.
Sharon Fowler appeals the trial court’s order dismissing her complaint against Paradise Lakes Condominium Association, Inc. We reverse.
According to the complaint, Ms. Fowler is visually impaired. She has a Labrador Retriever as a service animal. She rented a condominium unit at Paradise Lakes in August 2012. Her landlord was the unit owner, and he is not a party to this action.
After Ms. Fowler occupied the unit, the Association sent a letter to her landlord, as a unit owner, notifying him that the Labrador was an oversized pet in violation of the Association’s rules and regulations. The Association told him to “address this issue immediately.” Allegedly, the landlord informed Ms. Fowler that she must either give up the service dog or move from the unit.
In response, she provided documentation to her landlord, which she believes he gave to the Association. The documentation included her agreement with Southeastern Guide Dogs, Inc., by which she obtained possession of the Labrador. About two weeks later, Ms. Fowler checked with the Association’s manager who demanded further proof of her disability and need for a service animal. Ms. Fowler apparently provided no additional *577 proof, and the Association did not withdraw its notice that the landlord was in violation of the regulations.
At this point of stalemate, Ms. Fowler filed her complaint. In her complaint, she claims that the Association has violated the Federal Fair Housing Act, 42 U.S.C. § 3604, and section 413.08, Florida Statutes (2012) (defining the “[r]ights of an individual with a disability; use of a service animal; discrimination in public employment or housing accommodations; penalties”). She seeks declaratory relief as well as monetary damages. The Association responded with a motion to dismiss, claiming that the complaint failed to state a cause of action because it failed to allege certain facts and because the Association never notified Ms. Fowler that she could not reside in the unit.
The trial court granted the motion to dismiss. In view of the bare allegations of the complaint, the order properly granted a dismissal. However, this complaint was Ms. Fowler’s first complaint, and the Association had only filed a motion to dismiss. The trial court did not have discretion to dismiss the action with prejudice. See Williams v. Gaffin Indus. Servs., Inc., 88 So.3d 1027, 1030 (Fla. 2d DCA 2012) (“[A] trial court does not have discretion to deny leave to amend on the basis that the complaint is not amendable until (1) the defendant has filed an answer or (2) the plaintiff has already exercised the right to amend once.”). Accordingly, we reverse to give Ms. Fowler the option to file an amended complaint.
Reversed and remanded.
LaROSE and MORRIS, JJ., Concur.