LAWSON, J.
Amy Badgley appeals from an order dismissing her quiet title action and imposing attorneys’ fees against her and her attorney, Kelley Boseeker, under section 57.105(1), Florida Statutes. Her arguments on appeal are just as frivolous as her quiet title claim. In her first issue, she baldly asserts that dismissing a complaint prior to discovery violates due process of law. The law is to the contrary. See, e.g., LatAm Investments, LLC v. Holland & Knight, LLP, 88 So.3d 240, 245 (Fla. 3d DCA 2011) (rejecting argument that dismissal for failure to state a claim prior to discovery denied plaintiff due process and access to courts because trial court must assume all facts alleged in the complaint to be true in determining motion to dismiss).
In her second and third issues, Badgley argues that the dismissal of her complaint with prejudice was error even though she had already amended the complaint once as a matter of right and her quiet title theory was legally unsupportable based on the alleged facts. She claimed her lenders created a cloud on her title by refusing to respond to her absurd demand of them to “prove” that she owed them money.[1] Not only is there no legal basis to support such a claim, the attachments to the complaint clearly demonstrate, as Badgley later admitted, that she “took a mortgage and got the money.” See Fladell v. Palm Beach Cnty. Canvassing Bd., 772 So.2d 1240, 1242 (Fla.2000)
*561 (“If an exhibit facially negates the cause of action asserted, the document attached as an exhibit controls and must be considered in determining a motion to dismiss.”); Appel v. Lexington Ins. Co., 29 So.3d 377, 379 (Fla. 5th DCA 2010) (“Where a document on which the pleader relies in the complaint directly conflicts with the allegations of the complaint, the variance is fatal and the complaint is subject to dismissal for failure to state a cause of action.”).
In her fourth issue, Badgley claims Ap-pellees’ fee motion below was untimely filed after the dismissal judgment even though Appellees’ motion for sanctions was timely filed before the judgment awarding fees. See, e.g., Frosti v. Creel, 979 So.2d 912, 916 (Fla.2008) (holding that rule 1.525 does not create a thirty-day window, but rather an outside limit, thus fee motion filed pre-judgment was timely).
Finally, Badgley disputes the sanction award even though similar complaints by plaintiffs represented by her attorney have been dismissed and have been the basis for sanctions. See Fitzgerald v. Regions Bank, No. 5:13-CV-36-OC-10PRL, 2014 WL 129066 (M.D.Fla. Jan. 14, 2014); Calderon v. Merck & S. Bank, No. 5:13-CV-85-OC-22PRL, 2013 WL 5798565 (M.D.Fla. Oct. 28, 2013); Huff v. Regions Bank, No. 5:13-CV-63-OC-22, 2013 WL 5651807 (M.D.Fla. Oct. 15, 2013); Barrios v. Regions Bank, No. 5:13-CV-29-OC-22PRL, 2013 WL 5230653 (M.D.Fla. Sept. 16, 2013); Gonzalez v. GMAC Mortg., No. 5:13-CV-72-OC-22PRL, 2013 WL 4767872 (M.D.Fla. Aug. 23, 2013); Lehrer v. Regions Bank, No. 5:13-CV-30-OC-PRL, 2013 WL 2371192 (M.D.Fla. May 30, 2013). The trial court properly awarded section 57.105(1) fees based on its findings that Badgley and her attorney knew or should have known that Badgley’s claim was “not supported by the material facts necessary to establish the claim or defense” and “[wjould not be supported by the application of then-existing law to those material facts.”
Accordingly, we affirm the order on appeal and sua sponte order Badgley and her attorney to pay, in equal amounts, the reasonable attorneys’ fees and costs incurred by Appellees in this appeal, pursuant to section 57.105(1), Florida Statutes. We remand the matter to the trial court to determine the amount of fees.
AFFIRMED; REMANDED.
TORPY, C.J., and SAWAYA, J., concur.

. Badgley sent Appellees a written demand to "validate that an actual debt exists” by producing twenty-three separate categories of documents. The demand stated that if Appel-lees failed to produce the information requested in their next correspondence, they would *561 “be accepting my offer to provide pen pal services at $100,000.00 per correspondence.” It further notified Appellees that by "failure to validate the alleged debt,” as demanded, they would tacitly agree to waive any and all claims against Badgley, would release her from any encumbrances clouding title to her property, and would be subject to a quiet title action.