PER CURIAM.
Charles and Cathy Schwades voluntarily dismissed this appeal; however, we order that this case be remanded to the trial court because we conclude that a sanction in the form of the imposition of appellate attorney’s fees is warranted.[1]
In this case, the appellants argued that the trial court erred in dismissing their quiet title action. The basis of the action (i.e., that the appellee banks waived all rights secured by the note and mortgage by failing to respond to the Appellant’s demand that they prove the debt), was essentially the same as that in Badgley v. Suntrust Mortg. Inc., 134 So.3d 559 (Fla. 5th DCA 2014); Badgley involved the same appellate attorney as here, Kelley Bosecker. In Badgley, we affirmed the trial court’s dismissal order and ordered the appellant and Bosecker to pay Sun-Bank section 57.105(1), Florida Statutes, *151 attorney’s fees based upon the frivolous nature of the appeal. We conclude that the instant appeal is similarly frivolous.
The appellants further argued that the trial court reversibly erred in not permitting them an opportunity to amend their complaint; however, the record establishes that they never requested leave to amend (in spite of assertions to the contrary made by Bosecker during oral argument). In addition, as to America’s Wholesale Lender (Lender), the appellants asserted claims for appellate relief against Lender, notwithstanding the fact that the record demonstrates that Bosecker advised the trial court that she was willing to voluntarily dismiss the claims against Lender with prejudice. During oral argument, Bosecker initially denied that she had agreed to dismiss the claims related to the Lender, although she ultimately conceded to the contrary. She also stated that, if successful on appeal, she would voluntarily dismiss the claims against Lender.
The appellants’ attorney, Kelley Bosecker, knew or should have known, since the filing of her initial brief, that the claims asserted therein were not supported by the material facts of record. As such, counsel acted in bad faith in this matter. Therefore, we sua sponte award the appel-lees attorney’s fees for this appeal. See Badgley, 134 So.3d at 560; Santini v. Cleveland Clinic Fla., 65 So.3d 22, 41 (Fla. 4th DCA 2011). Accordingly, we order the appellants and Attorney Bosecker to each pay one-half of the reasonable attorney’s fees and costs incurred by the appellees in this appeal, and remand this case to the trial court for the purpose of properly assessing the amount of such fees.
Lastly, the filing of frivolous claims by Attorney Bosecker is not an isolated incident in our court, but rather, similar claims have been raised in the federal courts. Under such circumstances, several federal courts have subjected Bosecker to sanctions. See Fitzgerald v. Regions Bank, 5:13-CV-36-OC-10PRL, 2014 WL 129066 (M.D.Fla. Jan. 14, 2014); Calderon v. Merck. & S. Bank, 5:13-CV-85-OC-22PRL, 2013 WL 5798565 (M.D.Fla. Oct. 28, 2013); Huff v. Regions Bank, No. 5:13-CV-63-OC-22, 2013 WL 5651807 (M.D.Fla. Oct. 15, 2013); Barrios v. Regions Bank, No. 5:13-CV-29-OC-22PRL, 2013 WL 5230653 (M.D.Fla. Sept. 16, 2013); Gonzalez v. GMAC Mortg., No. 5:13-CV-72-OC-22PRL, 2013 WL 4767872 (M.D.Fla. Aug. 23, 2013). Accordingly, we direct the Clerk of this Court to forward this opinion to the Florida Bar for its examination of the conduct of Attorney Bosecker.
REMANDED.
PALMER, EVANDER and WALLIS, JJ., concur.

. See § 57.105(1), Fla. Stat. (2011).