LAMBERT, J.
Appellants, John J. Unrue and Mary Rose Pileggi-Unrue, appeal an order dismissing their quiet title action with prejudice. Because the trial court erred in dismissing the complaint with prejudice without providing Appellants an opportunity to amend their complaint, we reverse.
Appellants own real property located in Seminole County, Florida. They sued Ap-pellee, Wells Fargo Bank, N.A., alleging that Wells Fargo recorded a document in the public records, “describing [Wells Fargo] as a lender.” Appellants claim that Wells Fargo, despite repeated demands from Appellants, failed to prove that it lent Appellants money and further failed to release the mortgage' as a cloud on their property.[1] Wells Fargo moved to dismiss the complaint with prejudice, alleging that Appellants have not and cannot assert a valid quiet title action, and scheduled their motion for a hearing. Just prior to the hearing, Appellants retained counsel, who appeared at the hearing on their behalf. At the hearing, Appellant’s counsel requested an opportunity for leave to amend the complaint. The trial judge denied the request, concluding that the claim was a “scam,” and that Appellants would be unable to amend the complaint “to make the note and mortgage go away.” This appeal ensued.
This court has recently affirmed an order dismissing a quiet title action with prejudice in similar circumstances. See Badgley v. Suntrust Mortg., Inc., 134 So.3d 559, 561 (Fla. 5th DCA 2014). In Badgley, we concluded that a quiet title action based upon the theory that the lenders created a cloud on the title by refusing to respond to an “absurd demand” of them to “ ‘prove’ ” that Badgley owed them money was frivolous. Id. at 560. Not only did we affirm the order on appeal, but also sua sponte ordered Badgley and her attorney to pay, in equal amounts, reasonable attorney’s fees and costs incurred by the appellees in the appeal pursuant to section 57.105(1), Florida Statutes. Id. at 561. Nevertheless, the present case is distinguishable from Badgley because the order in Badgley dismissed an amended complaint. See id. at 560.
Florida Rule of Civil Procedure 1.190(a) permits the amendment of a pleading “once as a matter of course at any time before a responsive pleading is served.” The rule reads in its entirety:
A party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, if the first pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, may so amend at any time within 20 days after it is served. Otherwise, a party may amend a pleading only by leave of court or by written consent of the adverse party. If a party files a motion to amend a pleading, the party shall attach the proposed amended pleading to the motion. Leave of court shall be given freely when justice so requires. A party shall plead in response to an amended pleading within ten days after service of the amended pleading, unless the court orders otherwise.
Fla. R. Civ. P. 1.190(a).
“A judge’s discretion to deny amendment of a complaint arises only af *538 ter the defendant files an answer or if the plaintiff already has exercised the right to amend once.” Boca Burger, Inc. v. Forum, 912 So.2d 561, 567 (Fla.), as revised on denial of reh’g, (Sept. 29, 2005). Plaintiffs have an automatic right to amend the complaint once before a responsive pleadings is served. Id. (“The rule clearly grants a plaintiff one free amendment to perfect the complaint before an answer is served.”); Abston v. Bryan, 519 So.2d 1125, 1127 (Fla. 5th DCA 1988). “Moreover, a motion to dismiss is not a ‘responsive pleading' because it is not a ‘pleading’ under the rules.” Boca Burger, 912 at 567 (citing Fla. R. Civ. P. 1.100(a)).
If this had been an amended complaint, the trial court would clearly have been within its discretion to dismiss the quiet title action with prejudice based on the absurd allegations, and we would have affirmed. However, it had no discretion under the rules to dismiss the initial complaint with prejudice, without providing at least one opportunity to amend.
We reverse and remand with instructions to permit Appellants leave to file an amended complaint, if they are able to do so.
REVERSED and REMANDED.
EVANDER, J., concurs.
HARRIS, C.M., Senior Judge, dissents, with opinion.

. Appellants attached to their complaint a copy of the mortgage, which names Appellants as the borrowers, and Wells Fargo Bank, N.A. as lender. It is apparently signed by both Appellants and contains the legal description of the subject real property.