DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THOMAS C. D'ALESSANDRO, JR.,** and **BERNADETTE D'ALESSANDRO,**
Appellants,

v.

**FIDELITY FEDERAL BANK & TRUST** and **PNC BANK, NATIONAL ASSOCIATION,**
Appellees.

No. 4D13-3387

[January 7, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lucy Chernow Brown, Judge; L.T. Case No. 502013CA001379XXXXMB.

Thomas C. D'Alessandro, Jr., and Bernadette D'Alessandro, Tequesta, pro se.

Stephen J. Simmons of Mombach, Boyle, Hardin & Simmons, P.A., Fort Lauderdale, for appellee.

MAY, J.

Homeowners appeal the dismissal of their complaint to quiet title with prejudice. They argue the trial court erred in dismissing their original complaint with prejudice, without an opportunity to amend. We agree and reverse.

The homeowners filed a complaint to quiet title against Fidelity Federal Bank & Trust, now known as PNC Bank, National Association ("the bank"), and attached the mortgages to it.[1] They alleged that although the bank recorded the two mortgages evidencing the bank lent money to them, the bank had no interest in their property because it had failed to prove that it lent the money. The homeowners also alleged they made numerous written demands to the bank requesting proof of payment, and for the

---

[1] PNC Bank is the successor by merger to National City Bank, which is successor by merger to Fidelity Federal Bank & Trust.

bank to remove, satisfy, and release the mortgages. The bank failed to respond to those demands. The homeowners asserted that the mortgages represented a cloud on the title.

A few months later, the bank filed a separate foreclosure action on the same mortgages that are the subject of the quiet title action. The bank then moved to dismiss the quiet title action. The bank argued that the homeowners failed to state a cause of action because the complaint failed to allege facts to support a right to quiet title on the subject property. Specifically, the bank argued the homeowners failed to allege a cloud on the title.

The homeowners objected to the motion to dismiss and moved for leave to amend the complaint. The trial court dismissed the complaint and orally denied their request to amend. The court subsequently entered an order of dismissal with prejudice.

In that order, the trial court indicated that the complaint's allegations were wholly insufficient to state a cause of action, and were devoid of any legal theory to support the relief requested. The court also indicated that the dismissal was without prejudice to the homeowners filing affirmative defenses and discovery requests in the now pending foreclosure action.

The homeowners requested, and the trial court denied, reconsideration. They now appeal the dismissal with prejudice.

The issue on appeal is a simple one: Does a plaintiff have the right to amend a complaint once before the court dismisses an original complaint with prejudice? The answer is also a simple one: Yes.

To state a cause of action to quiet title, the homeowners needed to allege that (1) they had title to the subject property; (2) a cloud on the title existed; and (3) that the cloud was invalid. *Stark v. Frayer*, 67 So. 2d 237, 239 (Fla. 1953). Here, the homeowners failed to allege that the bank's mortgage was invalid. Further, the mortgages attached to the complaint completely negated any allegation that the mortgages were invalid. The trial court correctly dismissed the complaint for failure to state a cause of action.

The error came in denying the homeowners the opportunity to amend. Rule 1.190(a) of the Florida Rules of Civil Procedure permits the amendment of a pleading "once as a matter of course at any time before a responsive pleading is served." Fla. R. Civ. P. 1.190(a). "A judge's discretion to deny amendment of a complaint arises *only after the*

*defendant files an answer or if the plaintiff already has exercised the right to amend once."* Boca Burger, Inc. v. Forum, 912 So. 2d 561, 567 (Fla. 2005) (emphasis added).

For this reason, we are compelled to reverse and remand. *See also Unrue v. Wells Fargo Bank, N.A.*, 39 Fla. L. Weekly D2023 (Fla. 5th DCA Sept. 19, 2014).

*Reversed and Remanded.*

GROSS and CIKLIN, JJ., concur.

*   *   *

**Not final until disposition of timely filed motion for rehearing.**