DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NINA SOLONENKO,**
Appellant,

v.

**VOGUE PROPERTIES, LLC,**
Appellee.

No. 4D15-2065

[May 25, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy III and Cynthia G. Imperato, Judges; L.T. Case No. 14-19075 (21).

Andrey Solonenko, Miramar, for appellant.

Gerald Schilian of Schilian & Watarz, P.A., Boca Raton, for appellee.

PER CURIAM.

Appellant challenges the trial court's order granting appellee's motion to dismiss the action, arguing it erred in failing to allow her to amend her complaint. We agree with appellant and reverse. "A party may amend a pleading once as a matter of course at any time before a responsive pleading is served . . . ." Fla. R. Civ. P. 1.190(a). A motion to dismiss is not a responsive pleading. *Boca Burger, Inc. v. Forum*, 912 So. 2d 561, 567 (Fla. 2005).

Appellant brought a quiet title action against appellee. Appellee did not file a responsive pleading, but did file a motion to dismiss. The trial court granted the motion and dismissed the action with prejudice. Appellant moved for rehearing, arguing she had the right to amend her complaint once as a matter of right. The trial court denied her motion without allowing her to amend the complaint. This was error. *See Thompson v. Publix Supermarkets, Inc.*, 615 So. 2d 796, 797 (Fla. 1st DCA 1993) (holding trial court erred by failing to allow appellant to amend complaint, where such relief was sought in motion for rehearing). While appellee argues amendment of the complaint would be futile, appellant has the right to amend her complaint, *even if* it appears likely that the amended

complaint would be meritless.  *See Unrue v. Wells Fargo Bank, N.A.*, 161 So. 3d 536, 537 (Fla. 5th DCA 2014).  Accordingly, we reverse.

*Reversed.*

STEVENSON, DAMOORGIAN and LEVINE, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**