DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FLORIDA WATER & MOLD RESTORATION, LLC** a/a/o **LINDA MOSES,**
Appellant,

v.

**AMERICAN INTEGRITY INSURANCE COMPANY OF FLORIDA,**
Appellee.

No. 4D21-1802

[March 23, 2022]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A. Garrison, Judge; L.T. Case No. 502021CC002289.

Christian C. Walters of Barry L. Miller, P.A., Orlando, for appellant.

Thomas L. Hunker and Virginia A. Paxton of Hunker Appeals, Fort Lauderdale, for appellee.

***ON CONFESSION OF ERROR***

PER CURIAM.

Appellant challenges a final order dismissing its original complaint with prejudice. Appellant argues that the trial court should have given it an opportunity to amend its complaint once as a matter of course before a responsive pleading was served. Appellant raised this argument below in its motion for rehearing, which the trial court denied. Appellee confesses error on this point.

We accept appellee's confession of error and reverse. The trial court erred in refusing to permit appellant to amend its complaint where no responsive pleading had been served and no prior amendment had been filed. *See* Fla. R. Civ. P. 1.190(a) (stating that "[a] party may amend a pleading once as a matter of course at any time before a responsive pleading is served"); *Boca Burger, Inc. v. Forum*, 912 So. 2d 561, 567 (Fla. 2005) ("Under the plain language of the first sentence of rule 1.190(a), a plaintiff has an absolute right to amend the complaint before a responsive pleading is served. . . . A judge's discretion to deny amendment of a

complaint arises only after the defendant files an answer or if the plaintiff already has exercised the right to amend once."); *Solonenko v. Vogue Props., LLC*, 192 So. 3d 87, 87 (Fla. 4th DCA 2016) ("Appellant moved for rehearing, arguing she had the right to amend her complaint once as a matter of right. The trial court denied her motion without allowing her to amend the complaint. This was error."); *D'Alessandro v. Fid. Fed. Bank & Tr.*, 154 So. 3d 498, 498 (Fla. 4th DCA 2015) (holding that the trial court erred in dismissing the original complaint "with prejudice, without an opportunity to amend"); *Unrue v. Wells Fargo Bank, N.A.*, 161 So. 3d 536, 538 (Fla. 5th DCA 2014) (explaining that a plaintiff has "an automatic right to amend the complaint once" before a responsive pleading is served).

We remand with instructions for the trial court to allow appellant to amend its complaint. We express no opinion as to the legal viability of appellant's proposed amended complaint. *See Boca Burger*, 912 So. 2d at 568 ("A defendant may contest the legal viability of a first amended complaint by moving to dismiss the amended complaint, not by contesting the plaintiff's right to amend.").

*Reversed and remanded.*

CONNER, C.J., WARNER and GROSS, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2