DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IRMA A. BARR** and **BRUCE BARR,**
Appellants,

v.

**MS INTERNATIONAL, INC. OF CALIFORNIA,** a Florida corporation,
d/b/a **MS INTERNATIONAL, INC.**, and **BEL FLOORING, INC.** d/b/a
**GC SUPPLY,**
Appellees.

No. 4D2024-0416

[May 7, 2025]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Kal Evans, Judge; L.T. Case No. COWE-23-002540.

Irma Barr and Bruce Barr, Cooper City, pro se.

Robert K. Tucker II of Gordon Rees Scully Mansukhani, LLP, Miami, for appellee MS International, Inc.

Scott J. Merl of Scott Merl, P.A., Miami, for appellee GC Supply.

CONNER, J.

In this dispute regarding manufactured flooring defects, Irma and Bruce Barr ("Homeowners") appeal pro se the dismissal of their breach of warranty complaint with prejudice, raising two arguments. We agree with their second argument, and therefore reverse because the dismissal with prejudice was prior to an answer being filed by the defending parties.[1]

---

[1] Homeowners' first argument is that they were denied the opportunity to amend the complaint to add Bruce Barr as a co-plaintiff. Because we reverse based on Homeowners' second argument, we decline to address their first argument. However, because the appellees never challenged Bruce Barr being treated as an appellant in this appeal, we discuss the facts and arguments as if there are two appellants, even though the trial court referred to a single plaintiff in its orders. We take no position as to whether Bruce Barr is a proper party to the suit.

## *Background*

Homeowners purchased vinyl plank flooring from appellee Bel Flooring, Inc. ("Bel Flooring"). The flooring was manufactured by appellee MS International, Inc. of California ("MSI"). The flooring was sold with a manufacturer's warranty. The warranty stated a "flat subfloor is a must!" and the "[f]ailure to follow installation instructions will void warranty." The warranty also stated that "installation-related errors or damage including improper conditioning of jobsite and flooring materials" were not covered.

Homeowners hired an independent flooring installer to prepare and install the flooring. After installation, the flooring material allegedly exhibited defects and "failed in every room of the house." The alleged defects prompted Homeowners to contact Bel Flooring and MSI, who sent an inspector to inspect the floor. The inspector's report led Bel Flooring and MSI to contend the flooring defects were caused by improper installation, and therefore they took no steps to resolve the flooring defects.

Homeowners sued Bel Flooring and MSI for breach of warranty. Attached to the complaint was a MSI flooring selection form issued in Homeowners' name showing the flooring which Homeowners had selected, a Bel Flooring sales invoice, MSI's installation instructions and product warranty, and the inspector's report.

Bel Flooring and MSI moved to dismiss the complaint, arguing, among other things, the complaint "fail[ed] to state a cause of action, contradict[ed] itself, and must be dismissed with prejudice."

After a hearing, the trial court dismissed the complaint with prejudice as to both Bel Flooring and MSI. The dismissal order stated that after "review[ing] the four corners of the Complaint and the documents attached and incorporated thereto, the Court finds [Homeowners'] allegations are torn apart by the documents attached." The trial court reasoned "[i]f [Homeowners'] allegations and [the inspector's] report are both taken as true, they are in direct conflict with the other," and that the inspector's report controls.

The trial court noted while a plaintiff may ordinarily be granted leave to amend a complaint, in this case, Homeowners "did not request to amend the Complaint to rectify or remove any internal conflict between the allegations and the supporting documents from the Complaint." Further, "[Homeowners] failed to amend [their] Complaint as a matter of right prior to the hearing[.]"

The trial court concluded dismissal with prejudice was warranted because "any amendment to the Complaint would be futile as [Homeowners] failed to set forth any facts to support [Homeowners'] allegations against [MSI and Bel Flooring] in either the Complaint or in response to [the] Motion[s] to Dismiss."

Homeowners moved for rehearing and argued that the inspector's report was an opinion raising a question of fact, and had Homeowners been given leave to amend, Homeowners could have removed the report, and "specifically plead the defects, breaches of the warranty and contract[.]"

After rehearing was denied, Homeowners appealed.

### Appellate Analysis

Homeowners argue dismissal of the complaint with prejudice was in error because the trial court failed to allow at least one opportunity to amend the complaint.

Bel Flooring and MSI argue dismissal was correct because the trial court properly considered the inspector's report as an attachment to the complaint and because the inspector's report directly contradicted Homeowners' allegations that the flooring was defective. Additionally, Bel Flooring and MSI argue Homeowners did not seek to amend prior to the dismissal and only argued on rehearing that an amendment should be permitted. Bel Flooring and MSI further contend any amendment would be futile.

*a. Preservation*

To the extent Bel Flooring and MSI argue Homeowners failed to preserve their argument regarding the denial of leave to amend, we disagree. Homeowners preserved their argument seeking the right to amend the complaint by raising it in their rehearing motion. *See Century 21 Admiral's Port, Inc. v. Walker,* 471 So. 2d 544, 545 (Fla. 3d DCA 1985) (holding that the "appellants' failure to seek leave to amend prior to the dismissal with prejudice or *to move for rehearing requesting leave to amend,* precludes consideration of the issue for the first time on appeal") (emphases added). Although Homeowners did not cite Florida Rule of Civil Procedure 1.190(a) in their rehearing motion, the motion argued that "[a] dismissal with prejudice is a ruling the court should not enter without leave to amend at least one time to cure the pleading defect." Liberally construing

Homeowners' rehearing motion, we are satisfied Homeowners sufficiently alluded to rule 1.190(a) to preserve the issue.

*b. Standard of Review*

A dismissal with prejudice is reviewed de novo. *Preudhomme v. Bailey*, 211 So. 3d 127, 130 (Fla. 4th DCA 2017) (citation omitted). Additionally, the denial of an opportunity to amend a complaint is reviewed for an abuse of discretion. *Id.* at 131 ("[A]s a general rule, refusal to allow amendment constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile." (alteration in original) (quoting *Yun Enters., Ltd. v. Graziani*, 840 So. 2d 420, 423 (Fla. 5th DCA 2003))). Further, the "denial of a motion for rehearing is reviewed under the abuse of discretion standard." *Brander v. Stoddard*, 78 So. 3d 101, 102 (Fla. 4th DCA 2012) (quoting *J.J.K. Int'l, Inc. v. Shivbaran*, 985 So. 2d 66, 68 (Fla. 4th DCA 2008)). However, "the standard becomes de novo if, as a matter of law, the trial judge applies the incorrect legal standard in denying the motion." *Wiener v. The Country Club at Woodfield, Inc.*, 254 So. 3d 488, 491 (Fla. 4th DCA 2018) (citation omitted).

*c. Merits*

Despite Bel Flooring's and MSI's arguments to the contrary, the instant case is controlled by *Boca Burger, Inc. v. Forum*, 912 So. 2d 561 (Fla. 2005).

In *Boca Burger*, the Florida Supreme Court explained that "[u]nder the plain language of the first sentence of [Florida Rule of Civil Procedure] 1.190(a), a plaintiff has an <u>absolute right</u> to amend the complaint before a responsive pleading is served." 912 So. 2d at 567 (emphasis added). Additionally, "a motion to dismiss is not a 'responsive pleading' because it is not a 'pleading' under the rules." *Id.* Consequently, "where a defendant has filed only a motion to dismiss following the filing of a complaint, '<u>[t]he trial court [does] not have discretion to dismiss the action with prejudice</u>.'" *DeSantis v. FC Lending-Sunshine, LLC*, 328 So. 3d 374, 375 (Fla. 2d DCA 2021) (alterations in original) (emphasis added) (quoting *Fowler v. Paradise Lakes Condo. Ass'n*, 133 So. 3d 576, 577 (Fla. 2d DCA 2014)). <u>This is true even if the amendment of the complaint would be futile.</u> *Solonenko v. Vogue Props., LLC*, 192 So. 3d 87, 87 (Fla. 4th DCA 2016); *Williams v. Gaffin Indus. Servs., Inc.*, 88 So. 3d 1027, 1030 (Fla. 2d DCA 2012) ("Gaffin had not filed an answer and Williams had not exercised her right to amend. Therefore, rule 1.190(a) and *Boca Burger, Inc.* clearly provide that the trial court could not deny Williams' request to amend the complaint based on Gaffin's argument that an amendment would have been futile.").

4

Recently, under virtually the same circumstances as this case, we reversed a final order dismissing the original complaint with prejudice in *Fla. Water & Mold Restoration, LLC v. Am. Integrity Ins. Co. of Fla.*, 335 So. 3d 145 (Fla. 4th DCA 2022), explaining:

> The trial court erred in refusing to permit appellant to amend its complaint where no responsive pleading had been served and no prior amendment had been filed. *See* Fla. R. Civ. P. 1.190(a) (stating that "[a] party may amend a pleading once as a matter of course at any time before a responsive pleading is served"); *Boca Burger, Inc. v. Forum*, 912 So. 2d 561, 567 (Fla. 2005) ("Under the plain language of the first sentence of rule 1.190(a), a plaintiff has an absolute right to amend the complaint before a responsive pleading is served. . . . A judge's discretion to deny amendment of a complaint arises only after the defendant files an answer or if the plaintiff already has exercised the right to amend once."); *Solonenko v. Vogue Props., LLC*, 192 So. 3d 87, 87 (Fla. 4th DCA 2016) ("Appellant moved for rehearing, arguing she had the right to amend her complaint once as a matter of right. The trial court denied her motion without allowing her to amend the complaint. This was error."); *D'Alessandro v. Fid. Fed. Bank & Tr.*, 154 So. 3d 498, 498 (Fla. 4th DCA 2015) (holding that the trial court erred in dismissing the original complaint "with prejudice, without an opportunity to amend"); *Unrue v. Wells Fargo Bank, N.A.*, 161 So. 3d 536, 538 (Fla. 5th DCA 2014) (explaining that a plaintiff has "an automatic right to amend the complaint once" before a responsive pleading is served).

*Id.* at 146. We remanded "with instructions for the trial court to allow appellant to amend its complaint." *Id.*

We also disagree with the trial court's determination (and Bel Flooring and MSI's argument) that amendment would be futile. In this case, Homeowners correctly argue that amendment would not be futile as "a simple amendment would have been the removal of the report from the complaint and to specifically plead the defects, breaches of the warranty and contract[.]" Homeowners also argue: "The report attached to the complaint is not a conclusive fact but, an Opinion which can be refuted by an expert hired by [Homeowners]." Thus, the trial court could not have conclusively determined at the pleading stage that amendment would be futile.

### *Conclusion*

Because *Boca Burger* makes clear that rule 1.190(a) provides "a plaintiff has an <u>absolute right</u> to amend the complaint before a responsive pleading is served," 912 So. 2d at 567 (emphasis added), and the case law interpreting the rule states "where a defendant has filed only a motion to dismiss following the filing of a complaint, '[t]he <u>trial court [does] not have discretion to dismiss the action with prejudice</u>,'" *DeSantis*, 328 So. 3d at 375 (alterations in original) (emphasis added), <u>even if the amendment of the complaint would be futile,</u> *Solonenko*, 192 So. 3d at 87, we conclude the trial court erred in dismissing Homeowners' complaint with prejudice. Thus, we reverse the dismissal order and remand with instructions to vacate the order and allow Homeowners to amend the complaint. *Fla. Water & Mold Restoration*, 335 So. 3d at 146. We do not address Homeowners' other arguments raised on appeal.

*Reversed and remanded with instructions.*

WARNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***