PER CURIAM.
This appeal from a non-final order presents the question of the proper interpretation to be placed upon the term “prior pleading” appearing in Rule 1.110(d), Florida Rules of Civil Procedure.
In Frank v. Campbell Property Management, Inc., 351 So.2d 364 (Fla. 4th DCA 1977) we announced the rule that the defense of res judicata may not be raised by motion to dismiss except where the allegations of the complaint support application of that defense. Appellee suggests that the following language from Rule 1.110(d), mandates a different result under the particular facts of this case:
Affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense under Rule 1.140(b); provided this shall not limit amendments under Rule 1.190 even if such ground is sustained.
Appellee contends that his answer and affirmative defenses is a “prior pleading” which on its face raises the defense of res judicata so that dismissal was appropriate under the rule. However, this argument ignores the language of Rule 1.110(d), appearing prior to that quoted above, which states that a party, in pleading to a preceding pleading, shall set forth affirmatively certain defenses, including res judicata. Thus, a reading of the rule in its entirety reveals that the term “prior pleading” refers to one or more prior pleadings of the party against whom the motion to dismiss is directed. Further, to accept the thesis of appellees’ argument would be to condone the use of a motion to dismiss in lieu of a motion for judgment on the pleadings or as the equivalent of a motion for summary judgment. Each type of motion has its particular function, with different requirements precedent to its application and, for the most part, with different consequences to the parties resulting from a determination of the merits of the motion. No purpose is served by substituting the function of one motion for another.
We therefore reverse that portion of the order, rendered August 14, 1979, which dismissed the complaint with prejudice as to defendant Donitz on the basis of res judica-ta. In all other respects the order is affirmed.
Appellant also attempts to bring up on this appeal a non-final order entered on March 19, 1979. In view of our disposition of the later order, we do not consider either the appealability or the correctness of the March 19th order at this time.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.
MOORE, HERSEY and GLICKSTEIN, JJ., concur.