645 So.2d 131 (1994)
James R. PALMER, Appellant,
v.
Joseph E. McCALLION, James E. Rafferty, and Raffalion, Inc., a Florida corporation, Appellee.
No. 93-1877.
District Court of Appeal of Florida, Fourth District.
November 16, 1994.
*132 Bartley C. Miller and Wendy Lynn Henshaw of Panza, Maurer, Maynard, Platow & Neel, P.A., Fort Lauderdale, for appellant.
Robert P. Bissonnette of Anthony M. Livoti, Jr., P.A., Fort Lauderdale, for appellees.
ALVAREZ, RONALD V., Associate Judge.
Appellant James Palmer (Palmer) was the plaintiff in the trial court. Appellees' Joseph McCallion (McCallion), James Rafferty (Rafferty) and Raffalion, Inc. (Raffalion), were the defendants below. Palmer appeals the trial court's order which granted appellees' motion to dismiss Palmer's complaint with prejudice. The trial court granted appellees' motion on the ground that Palmer's suit was barred by the doctrines of res judicata and estoppel by judgment. We reverse.

FACTS
Shortly before filing the instant action in Florida, Palmer filed a multi-count complaint in the state of Massachusetts. In that action, Palmer named as defendants McCallion, Rafferty and two other persons. As the Massachusetts complaint related to McCallion and Rafferty, it contained substantially similar allegations and causes of action as the complaint that was later filed in Florida. Three years after its filing, the Massachusetts action proceeded to a bench trial. In December, 1992, the trial judge entered an order entitled "Findings of Fact, Rulings of Law, and Order Concerning Judgment." In that order, the trial judge found that Palmer was not entitled to an award of money damages, but left open the possibility that Palmer was entitled to an award of attorney's fees. In regard to the entry of a final judgment, the court stated that it would enter judgment in accordance with its findings after ruling on Palmer's motion for attorney's fees. In July, 1993, the trial judge entered its final judgment.
Meanwhile, in August, 1989, Palmer filed the instant action in Florida. Appellees filed a motion to dismiss the Florida action. Among other matters, the motion to dismiss recited that Palmer had filed an almost identical complaint in Massachusetts. The trial court denied this initial motion to dismiss and the appellees filed their answer and affirmative defenses. Neither the application of the doctrine of res judicata nor estoppel by judgment were raised in the affirmative defenses filed by appellees.
*133 After filing their answer and affirmative defenses, appellees did raise two specific defenses in their second motion to dismiss. Appellees filed their second motion to dismiss after the Massachusetts court entered its "Findings of Fact, Rulings of Law, and Order Concerning Judgment," but before entry of the Massachusetts final judgment. Nevertheless, appellees' second motion to dismiss argued that the Massachusetts "judgment" resolved the issues framed in the Florida suit and required dismissal of this suit on the basis of the doctrines of res judicata and estoppel by judgment. The trial court agreed and dismissed Palmer's complaint with prejudice.
Palmer seeks reversal of the order of dismissal with prejudice on several grounds. We will limit our discussion to Palmer's argument that res judicata and estoppel by judgment are affirmative defenses that were improperly raised in the appellees' second motion to dismiss. This issue is dispositive of this appeal.

LAW AND ANALYSIS
Rule 1.110(d), Florida Rules of Civil Procedure (1992), entitled "Affirmative Defenses," provides in pertinent part:
In pleading to a preceding pleading a party shall set forth affirmatively ... estoppel, ... res judicata ... and any other matter constituting an avoidance or affirmative defense... . Affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion... .
Res judicata and collateral estoppel are affirmative defenses that ordinarily must be pled in an answer or similar pleading. Appellees did not abide by this rule. However, appellees argue that the rule in question provides an exception which permits a party to assert in a motion any affirmative defense appearing on the face of a "prior pleading." Appellees point to their first motion to dismiss that contained allegations concerning the Massachusetts action. The issue to be decided is whether the affirmative defenses of res judicata and estoppel appear on the face of a "prior pleading" such that appellees properly raised these affirmative defenses in their motion to dismiss.
This court's holding in Tesher & Tesher, P.A. v. Cook, 386 So.2d 1305 (Fla. 4th DCA 1980), is squarely on point. In reversing that portion of the order dismissing the complaint with prejudice on the theory of res judicata, this court specifically held that the term "prior pleading" refers to "one or more prior pleadings of the party against whom the motion to dismiss is directed," e.g., a complaint. In order to raise affirmative defenses by a motion to dismiss, the party moving for dismissal cannot rely on its own pleadings as a "prior pleading." See also Livingston v. Spires, 481 So.2d 87 (Fla. 1st DCA 1986). There is nothing on the face of Palmer's Florida complaint that discloses the existence of the affirmative defense of res judicata or estoppel by judgment. It is only on the face of appellees' initial motion to dismiss that the affirmative defenses appear. Although Cook considered solely the affirmative defense of res judicata, no sound reason exists why its holding should not apply with equal force to the affirmative defense of estoppel by judgment.
Accordingly, the order dismissing Palmer's complaint with prejudice is reversed. This matter is remanded for further proceedings.
GLICKSTEIN and WARNER, JJ., concur.