882 So.2d 535 (2004)
Walter Thomas NORWICH, Appellant,
v.
GLOBAL FINANCIAL ASSOCIATES, LLC, a Florida Limited Liability Company, Appellee.
No. 4D03-4689.
District Court of Appeal of Florida, Fourth District.
September 22, 2004.
John N. Buso, West Palm Beach, for appellant.
*536 Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, and Melinda Penney Gamot of The Gamot Law Firm, P.L., West Palm Beach, for appellee.
MAY, J.
The plaintiff appeals an order dismissing his complaint for negligence and breach of fiduciary relationship against the defendant, Global Financial Services. He argues the trial court erred in taking judicial notice of a final judgment in a dissolution proceeding and dismissing his complaint on the grounds of res judicata and collateral estoppel. We agree and reverse.
The plaintiff and Grace Norwich, the sole owner and manager of Global, were husband and wife.[1] The complaint alleged that Global served as plaintiff's "agent" concerning management and operation of certain properties, investment accounts, and preparation and filing of tax returns. He claimed a fiduciary relationship between himself and Global, and that Global breached its fiduciary duty with regard to certain properties, accounts, and tax returns.
Global moved to dismiss the complaint and argued that both res judicata and collateral estoppel barred the action. Global argued that the judge in the prior dissolution of marriage proceeding had determined that Global was solely owned and operated by the plaintiff's former wife. Thus, the parties in the dissolution and in this case were really the same. Further, Global asserted that the judge in the dissolution found there was no professional relationship between the plaintiff and his wife or her companies, including Global. There could, therefore, be no breach of a fiduciary duty. Global attached a copy of the final judgment of dissolution of marriage to its motion to dismiss.
By separate motion, the defendant asked the court to take judicial notice of the final judgment of dissolution of marriage, and attached another copy of the judgment of dissolution. The trial court took judicial notice of the dissolution proceedings, and found the judge had addressed the issues "at length in the divorce action between Walter and Grace Norwich...." The court then granted the defendant's motion to dismiss the complaint with prejudice.
We review a final order dismissing a complaint with prejudice de novo. Siegle v. Progressive Consumers Ins., 819 So.2d 732 (Fla.2002). The purpose of a motion to dismiss is to test the legal sufficiency of the complaint. Ramos v. Mast, 789 So.2d 1226 (Fla. 4th DCA 2001). The trial court may not look beyond the four corners of a complaint when ruling on a motion to dismiss. Id. at 1227.
[G]enerally, collateral estoppel is an affirmative defense which must be raised in an answer. See Palmer v. McCallion, 645 So.2d 131, 133 (Fla. 4th DCA 1994)("Res judicata and collateral estoppel are affirmative defenses that ordinarily must be pled in an answer or similar pleading."). An exception is made, however, where the face of the complaint is sufficient to demonstrate the existence of the defense. See Duncan v. Prudential Ins. Co., 690 So.2d 687, 688 (Fla. 1st DCA 1997) (affirming dismissal on grounds of res judicata and estoppel by judgment where appellant had specifically incorporated into her complaint the previous proceedings)....
*537 Bess v. Eagle Capital, Inc., 704 So.2d 621, 622 (Fla. 4th DCA 1997).
The plaintiff did not mention or incorporate the prior dissolution action in his complaint against Global for breach of fiduciary duty. Cf. Duncan v. Prudential Ins. Co., 690 So.2d 687 (Fla. 1st DCA 1997)(dismissal on res judicata and estoppel by judgment affirmed where the plaintiff had specifically incorporated the previous proceedings into her complaint). While the defenses of res judicata and collateral estoppel may be resolved through a motion for summary judgment, the trial court erred when it ventured outside the four corners of the complaint, took judicial notice of the final judgment of dissolution of marriage, and dismissed the complaint with prejudice. See Kest v. Nathanson, 216 So.2d 233 (Fla. 4th DCA 1969).
We reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
FARMER, C.J., and GROSS, J., concur.
NOTES
[1] The appeal from the final judgment of dissolution of marriage is currently pending in this court.