962 So.2d 408 (2007)
GARNAC GRAIN CO., INC., a New York corporation, Appellant,
v.
Luis Andres Olivares MEJIA and Holly Ana Rincon De Olivares, individually, jointly and severally, Appellees.
No. 4D06-4035.
District Court of Appeal of Florida, Fourth District.
August 15, 2007.
*409 Carlos E. Sardi and Richard Sarafan of Genovese Joblove & Battista, P.A., Miami, for appellant.
Daniel E. Vielleville and Pedro J. Martinez-Fraga, of Greenberg Traurig, P.A., Miami, for appellees.
HAZOURI, J.
Appellant, Garnac Grain Co., Inc. ("Garnac"), appeals the trial court's dismissal with prejudice, "pursuant to the authority governing parallel proceedings and the principle of international comity[,]" of its action against Appellees, Luis Andres Olivares Mejia and Holly Ana Rincon de Olivares ("the Olivareses"). We reverse and remand.
In June 2001, Garnac filed suit in Venezuela against the Olivareses and other parties, alleging causes of action for breach of contract, breach of a personal guaranty, and damages, arising out of the Olivareses' execution of a personal guaranty purported to secure any and all obligations incurred by two Venezuelan corporations and one Aruban corporation. In January 2005, the Venezuelan lower court found the claims against the Olivareses to be without merit. On appeal in August 2005, the Venezuelan appellate court rejected Garnac's claims against the Olivareses. In March 2006, Venezuela's highest court issued a decision denying Garnac any relief due to a procedural deficiency in its appeal.
On January 27, 2006, prior to the issuance of the decision of Venezuela's highest court, Garnac filed a complaint against the Olivareses in Broward County circuit court. The Olivareses are residents of Broward County. Garnac alleged in its complaint that the Olivareses executed and delivered a personal guaranty in favor of Garnac for all of the obligations assumed or to be assumed in the future by the corporations at issue. Garnac alleged that it "extended credit and carried on business dealings with these foreign corporations who, ultimately in mid-2001, defaulted in their obligations to [Garnac] by failing to pay the amounts then properly due and owing to [Garnac] totaling, $5,833,732.89 as of June 1, 2001." Garnac claimed that it provided the Olivareses with the full particulars of the amounts unpaid and overdue from the foreign corporations and *410 made a demand upon the Olivareses for payment in accordance with the personal guaranty to no avail.
On March 14, 2006, the Olivareses filed a motion to dismiss the complaint, or in the alternative, to stay the action on the grounds of international comity to a parallel proceeding in Venezuela and forum non conveniens. The Olivareses contended that Garnac "has been litigating the identical issues raised in this lawsuit, and against the same parties, in Venezuela for over four (4) years." (emphasis in original). They argued further that Venezuela is a more adequate and superior forum for litigating this action. The Olivareses argued that the complaint should be dismissed without prejudice to re-filing in Venezuela. After a hearing, the trial court dismissed Garnac's motion with prejudice "pursuant to the authority governing parallel proceedings and the principle of international comity."
In Kreizinger, P.A. v. Schlesinger, P.A., 925 So.2d 431 (Fla. 4th DCA 2006), this court explained:
The standard of review of orders granting motions to dismiss with prejudice is de novo. MEBA Med. Benefits Plan v. Lago, 867 So.2d 1184, 1186 (Fla. 4th DCA 2004). "In order to state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief." Id. A court may not go beyond the four corners of the complaint and must accept the facts alleged therein as true. Samuels v. King Motor Co. of Fort Lauderdale, 782 So.2d 489, 494 (Fla. 4th DCA 2001).
Kreizinger, P.A., 925 So.2d at 432-33.
We conclude that the trial court erred in dismissing Garnac's action with prejudice on the basis of "parallel proceedings and international comity" because it essentially gave res judicata effect to the Venezuelan action where the Olivareses failed to follow the procedures set forth in Florida's Uniform Out-of-Country Foreign Judgment Recognition Act ("the Act") to have the Venezuelan judgment recognized in Florida. See § 55.601, et. seq., Fla. Stat. (2006). Section 55.604, Florida Statutes (2006), outlines specific procedures for the "recognition and enforcement" of foreign judgments in Florida's courts. § 55.604, Fla. Stat. (2006). The Olivareses did not follow these procedures to seek court recognition of the Venezuelan judgment because they mistakenly characterized the proceedings as "pending" for the purposes of affording comity, rather than "final" for the purposes of seeking to bar Garnac's present action on the basis of res judicata and/or collateral estoppel, a view also adopted by the trial court in its order. Further, section 55.603, Florida Statutes (2006), which states that the Act "applies to any out-of-country foreign judgment that is final and conclusive and enforceable where rendered, even though an appeal therefrom is pending or is subject to appeal," indicates that the Act was applicable in this case at the time Garnac filed its complaint and when the Olivareses filed their motion to dismiss, as the Venezuelan trial court had already rendered its final decision rejecting Garnac's claims.
Moreover, where, as here, the basis for res judicata or collateral estoppel does not appear on the face of the complaint, those grounds cannot be determined by way of a motion to dismiss. See Fla. R. Civ. P. 1.110(d) (listing res judicata and collateral estoppel as affirmative defenses); Norwich v. Global Fin. Assocs., LLC, 882 So.2d 535, 537 (Fla. 4th DCA 2004) (citation omitted) (holding "[w]hile the defenses of res judicata and collateral estoppel may be resolved through a motion for summary judgment, the trial court erred when it ventured outside the four corners of the *411 complaint, took judicial notice of the final judgment of dissolution of marriage, and dismissed the complaint with prejudice"); Palmer v. McCallion, 645 So.2d 131, 133 (Fla. 4th DCA 1994) (recognizing that "[r]es judicata and collateral estoppel are affirmative defenses that ordinarily must be pled in an answer or similar pleading").
Accordingly, we reverse and remand for proceedings consistent with this opinion.
Reversed and Remanded with Directions.
KLEIN, J. and METZGER, ELIZABETH A., Associate Judge, concur.