DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DANIEL E. KOWALLEK,**
Appellant,

v.

**LEE RHEM, PORT ST. LUCIE POLICE DEPARTMENT, CITY OF PORT ST. LUCIE, FLORIDA POWER & LIGHT COMPANY** and **ASPLUNDH TREE EXPERT COMPANY,**
Appellees.

No. 4D14-3841

[October 7, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; William L. Roby, Judge; L.T. Case No. 562014CA001633(ON).

Daniel E. Kowallek, Port St. Lucie, pro se.

Garrison M. Dundas of Hayskar, Walker, Schwerer, et al., Fort Pierce, for appellees Port St. Lucie Police Department and City of Port St. Lucie.

CONNER, J.

Daniel Kowallek appeals two orders of the trial court, one granting appellees'[1] motion to dismiss and one denying his motion to recuse the trial judge. We affirm the order denying Kowallek's motion to recuse, without discussion, but reverse as to the order granting appellees' motion to dismiss because the trial court went beyond the four corners of the complaint in making its ruling.

Kowallek filed a complaint against appellees, and appellees filed a motion to dismiss. As the basis for the motion to dismiss, appellees argued that a prior order ("the County Court Order"), entered in a separate county court case ("the County Court Case"), prevented Kowallek's cause of action since it set forth certain conditions precedent that Kowallek was to satisfy

---

[1] Although there were multiple defendants listed in the action, this appeal is only as to the trial court's order on the City of Port St. Lucie and City of Port St. Lucie Police Department's motion to dismiss.

prior to bringing the suit. The trial court agreed with appellees, stating "'that its' [sic] discretion [wa]s curtailed by" the County Court Order, and therefore granted the motion to dismiss.

It is well-settled "that in considering a motion to dismiss a complaint for failure to state a cause of action, the trial or appellate court is confined to the allegations within the four corners of the complaint." *Corbett v. En. Air Lines, Inc.*, 166 So. 2d 196, 203 (Fla. 1st DCA 1964). There are also well-settled rules regarding when an affirmative defense can serve as the basis for a motion to dismiss. "If the face of the complaint contains allegations which demonstrate the existence of an affirmative defense then such defense can be considered on motion to dismiss. Otherwise an affirmative defense may not be considered on motion to dismiss a complaint." *Frank v. Campbell Prop. Mgmt., Inc.*, 351 So. 2d 364, 364-65 (Fla. 4th DCA 1977) (citations omitted); *see also* Fla. R. Civ. P. 1.110(d) ("Affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense under rule 1.140(b)[.]").

Kowallek argues that the trial court granted appellees' motion to dismiss based on res judicata and collateral estoppel, which are generally inappropriate bases for motions to dismiss. *See Norwich v. Global Fin. Assos., LLC*, 882 So. 2d 535, 537 (Fla. 4th DCA 2004) ("While the defenses of res judicata and collateral estoppel may be resolved through a motion for summary judgment, the trial court erred when it ventured outside the four corners of the complaint."). Appellees argue that the trial court did not base its order on res judicata or collateral estoppel, but on a failure to satisfy a condition precedent.

From the record on appeal, it appears that the appellees' contention below that Kowallek failed to satisfy the conditions precedent imposed by the County Court Order was an assertion of an affirmative defense as grounds for dismissing the suit. Because Kowallek did not attach or mention the County Court Order in his complaint, the affirmative defense does not appear on the face of the complaint, and the trial court judge had to go beyond the four corners of the complaint in order to determine that the County Court Order applied.

We therefore reverse the trial court's order granting appellees' motion to dismiss since the trial court went beyond the four corners of the complaint in ruling on the motion. We express no opinion on the sufficiency of the complaint or any defenses that may be asserted in this case.

*Reversed and remanded.*

2

DAMOORGIAN and GERBER, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***