Conner, J.
Appellant Arlene Preudhomme appeals the dismissal of her complaint with prejudice after the first motions to dismiss, filed by separate defendants, were granted with no opportunity to amend the complaint. Addressing multiple arguments raised by Appellant, we agree the dismissal with prejudice was error and reverse and remand for further proceedings. We express no opinion as to whether Appellant’s complaint should be dismissed for failure to state a cause of action. Additionally, Appellant appeals the reservation of jurisdiction by the trial court to award attorney’s fees against her. Because the trial court did not make a ruling awarding fees, nor is there such an order in the record, we dismiss that portion of the appeal as premature. See Security Nat. Mortg. Co. v. Reid, 185 So.3d 1265, 1266 (Fla. 4th DCA 2016) (citing REC Ctrs., Inc. v. Shaughnessy, 407 So.2d 971, 975 (Fla. 4th DCA 1981)).

Pertinent Facts and Trial Proceedings

The final judgment dissolving Appellant’s marriage to Appellee Garth Bailey and the resulting post-dissolution proceedings before the trial court have had numerous appearances before this Court. The action below on appeal in this case is yet another appearance.
The marriage between Appellant and her former husband was dissolved in 2010. In January 2015, Appellant filed her pro se complaint for damages and other relief against the former husband and other individuals and entities in the civil division of the trial court. She alleged generally that she was seeking to set aside conveyances of property in an effort to enforce judgments and awards she received in the dissolution proceeding. Appellant’s complaint asserted four counts: fraudulent conveyance, conversion, unjust enrichment, and accounting. Attached to her complaint were copies of exhibits reflecting transfers of property. Appellant did not attach copies of the initial final judgment dissolving the marriage or the partial disbursement order entered in the dissolution proceeding following remand by this Court from the appeal of the dissolution judgment.
*130 The former husband moved to dismiss Appellant’s complaint with prejudice, arguing that Appellant’s complaint was legally insufficient and should be considered a sham pleading. The former husband further argued that Appellant’s claims were barred by either the statute of limitations, collateral estoppel, or res judicata. He further argued that Appellant could not assert entitlement to certain property to pay a judgment which had not, at the date of his motion, been entered as a final judgment subject to execution, and that any transfers of real property and to whom they may have been made is irrelevant and immaterial unless they violate an existing court order, which Appellant had failed to plead. Additionally, the former husband sought attorney’s fees pursuant to section 57.105, Florida Statutes, and Florida Civil Rule of Procedure 1.420(d).
Subsequently, all of the co-defendants filed their respective motions to dismiss, adopting the arguments of the former husband and asserting, as additional grounds, that they owed no duty to Appellant and that her complaint was premature because a final money judgment had not been entered against the former husband. Additionally, some of the co-defendants argued the suit was nothing more than a ploy to harass them or the former husband.
After hearing all of the motions to dismiss at one time, the trial court granted them with prejudice.[1] After her motion for rehearing was denied, Appellant gave notice of appeal.

Appellate Analysis

“The standard of review of orders granting motions to dismiss with prejudice is de novo.” Garnac Grain Co., Inc. v. Mejia, 962 So.2d 408, 410 (Fla. 4th DCA 2007) (quoting Kreizinger, P.A. v. Schlesinger, P.A., 925 So.2d 431, 432 (Fla. 4th DCA 2006)). Our analysis in this case is confined to review of the four corners of Appellant’s complaint and of the written order dismissing the complaint with prejudice, which is silent as to the trial court’s reasoning or basis for ruling, with no transcript of the hearing or answer brief being filed.
Appellant argues that the trial court erred by dismissing her complaint with prejudice without stating a reason and without giving her an opportunity to amend. First, Appellant argues that if her complaint failed to state a proper cause of action, she was entitled to have leave to amend since her complaint had not been previously amended. Second, Appellant contends the trial court failed to consider the requisite Kozel[2] factors prior to dismissing her complaint. Next, Appellant argues that the trial court could not consider assertions for dismissal based on res judi-cata and collateral estoppel, as such are affirmative defenses required to be raised in an answer. Appellant maintains that allegations about the details of the dissolution of marriage case did not appear on the face of her complaint and that, therefore, the trial court could not go beyond the four corners of her complaint and dismiss her action based on either of those defenses. Appellant contends that her suit below is a separate case “to collect judgments” she was awarded by the trial court in the dissolution of marriage proceeding and that it is not a re-litigation of the dissolu *131 tion of marriage case or a veiled attempt to harass the appellees. Additionally, she argues that, by dismissing her complaint, the trial court improperly disabled her claims. Finally, Appellant argues that the statute of limitations did not apply to bar her claims against the appellees.
As mentioned above, a transcript of the hearing on the motions to dismiss has not been included in the record on appeal and the trial court did not include its basis or reason for dismissing Appellant’s complaint with prejudice. We also do not have the benefit of an answer brief on appeal. However, whatever the trial court’s reasoning: if there is any theory or principle of law in the record which would support the ruling, it will be upheld. See Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla. 1999).
With regard to the arguments in the motions to dismiss that Appellant’s complaint failed to properly state her causes of action with specificity against each of the appellees, Appellant is correct that this alone would not warrant dismissal with prejudice. “[A]s a general rule, refusal to allow amendment constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.” Yun Enter., Ltd. v. Graziani, 840 So.2d 420, 423 (Fla. 5th DCA 2003). In this case, it is not clear from the record that such prejudice would arise or that amendment would be futile to set forth more specific elements to Appellant’s claims. There has also been no abuse of the privilege in this case where the complaint had not been previously amended. Thus, as an initial matter, dismissal with prejudice was not proper for failure to state a cause of action.
As Appellant correctly argues, if the trial court dismissed the case with prejudice as a sanction, the dismissal was error. See Chappelle v. S. Florida Guardianship Program, Inc., 169 So.3d 291, 294 (Fla. 4th DCA 2015) (citation omitted) (quoting Bennett ex rel. Bennett v. Tenet St. Mary’s, Inc., 67 So.3d 422, 426 (Fla. 4th DCA 2011)) (“Before a court may dismiss a cause as a sanction, it must first consider the six factors delineated in Kozel v. Ostendorf, 629 So.2d 817 (Fla. 1993), and set forth explicit findings of fact in the order that imposes the sanction of dismissal.”); Ham v. Dunmire, 891 So.2d 492, 495 (Fla. 2004) (holding that dismissal as a sanction for a discovery violation is “an abuse of discretion where the trial court fails to make express written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard”).
Alternatively, if the complaint was dismissed as a sham pleading pursuant to Florida Rule of Procedure 1.150, such was also error. “A pleading is considered a sham only ‘when it is palpably or inherently false, and from the plain or conceded facts in the case, must have been known to the party interposing it to be untrue.’ ” Bornstein v. Marcus, 169 So.3d 1239, 1242 (Fla. 4th DCA 2015) (quoting Rhea v. Hackney, 117 Fla. 62, 157 So. 190, 193 (1934)). In other words, a sham pleading is one that is “good on its face but absolutely false in fact.” Id. (quoting Rhea, 157 So. at 194). In this case, the former husband’s motion to dismiss fails to identify any inherently false facts stated in the complaint, nor did his motion demonstrate that any such plain or conceded facts must have been known to Appellant to be untrue. Instead, his motion simply asserted that the complaint “merely alleges conclusions, allegations, and innuendo and same is legally insufficient and should be consid *132 ered as a sham pleading and, therefore, must be dismissed with prejudice.” The motions to dismiss filed by the other co-defendants were deficient because they were not verified, as required by the rule, and they similarly failed to identify any inherently false facts stated in the complaint, which, from the plain or conceded facts of the case, must have been known to Appellant to be untrue.
Additionally, we agree with Appellant’s arguments regarding the remaining grounds for dismissal set forth in the motions: res judicata, collateral estoppel, and the statute of limitations. Appellant is correct that, in reviewing a motion to dismiss, a court may not go beyond the four corners of the complaint and must accept the allegations therein as true, viewing all reasonable inferences arising therefrom in favor of the plaintiff. Wallace v. Dean, 3 So.3d 1035, 1042-43 (Fla. 2009); Kreizinger, 925 So.2d at 432-34. Appellant is also correct that, generally, collateral estoppel and res judicata are affirmative defenses which must be raised in an answer. Norwich v. Glob. Fin. Assocs., LLC, 882 So.2d 535, 536 (Fla. 4th DCA 2004). “An exception is made, however, where the face of the complaint is sufficient to demonstrate the existence of the defense.” Id. (quoting Bess v. Eagle Capital, Inc., 704 So.2d 621, 622 (Fla. 4th DCA 1997)). Appellant maintains that the basis for the appellees asserting collateral estoppel and res judicata regarding the dissolution of marriage case did not appear on the face of her complaint and the trial court could not go beyond the four corners of her complaint in considering the motions.
Although Appellant did not attach the initial final judgment of dissolution of marriage or the partial disbursement order to her complaint, she did refer to them. Given Appellant’s reference to those documents in her complaint, we conclude that consideration of those trial court rulings would not have gone beyond the four corners of the complaint in ruling on the motions. Norwich, 882 So.2d at 537 (citing Duncan v. Prudential Ins. Co., 690 So.2d 687 (Fla. 1st DCA 1997)) (reversing a dismissal on res judicata and collateral estoppel grounds where the plaintiff did not mention or incorporate the prior dissolution iri his complaint). Nevertheless, while the former husband attached additional orders from the dissolution proceeding to his motion to dismiss, including an order on Appellant’s motion to enforce or compel the partial disbursement order, it does not appear that there is any reference in the complaint to Appellant’s prior attempt at enforcing those orders. Therefore, although consideration of the initial dissolution judgment and partial distribution order would have been appropriate, consideration of the order regarding the motion to enforce or compel would not have been appropriate. Thus, the four corners of the complaint do not support the appellees’ arguments for dismissal based on res judicata or collateral estoppel— that Appellant is attempting to re-litigate issues already determined in the dissolution of marriage case. As the enforcement arguments regarding res judicata and collateral estoppel exceed the four corners of the complaint, such would not justify dismissal with prejudice.
Regarding the statute of limitations defense, we agree that the face of the complaint does not establish that Appellant’s claims are barred. The former husband’s blanket argument in his motion, with regards to the four-year statute of limitations for fraudulent conveyance, was premised on the date of the initial final judgment in 2010 (which was appealed and the cause was remanded back to the trial court for further determinations). See § 726.110, Fla. Stat. (2015). However, the *133 statute of limitations begins to run after the alleged fraudulent transfer is made— not the date of a judgment which such transfer may allegedly violate. Id. Additionally, the statute of limitations for an action to enforce a judgment is twenty years, and, thus, it does not appear that Appellant is barred from seeking to collect on the judgments awarded in favor in the dissolution of marriage proceedings. § 95.11(1), Fla. Stat. (2015).
Finally, as to Appellant’s argument that the trial court may have dismissed the case after determining it was filed in the wrong division of the court, we agree dismissal would have been improper. As we have'previously said:
■ ,[I]n a situation where a complaint should have been filed in the probate division, the court should not dismiss the case solely because it was filed in the wrong division. Grossman v. Selewacz, 417 So.2d 728, 730 (Fla. 4th DCA 1982) (citing In re Guardianship of Bentley, 342 So.2d 1045 (Fla. 4th DCA 1977)). “[W]hile the circuit court is divided into divisions for efficiency in administration, all judges of the circuit court exercise the court’s jurisdiction, and cases filed in the wrong division should be transferred to the proper division.” Id.
West v. West, 126 So.3d 437, 438-39 (Fla. 4th DCA 2013). If the appropriate remedy for an action filed in the wrong division of the court is a transfer to the proper division, then dismissal with prejudice was clearly error. We decline to discuss in which division of the trial court the complaint should have been filed because the appellate record is not sufficiently developed for us to conduct such an analysis.
Having determined the trial court erred in dismissing Appellant’s complaint with prejudice, we reverse and remand for the trial court to enter an appropriate order consistent with this opinion.

Reversed and remanded.

Taylor and Levine, JJ., concur.

. We note that there were two remaining co-defendants, Muschamp, LLC, and Slipe Investments, JDA LLC, which also filed motions to dismiss. The trial court later separately heard these motions, and separately provided Appellant leave to amend her complaint, but noted that her action against all of the other co-defendants had been dismissed with prejudice.

. Kozel v. Ostendorf, 629 So.2d 817 (Fla. 1993).