DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FREDERIC BOUIN,**
Appellant,

v.

**GINA DISABATINO,**
Appellee.

No. 4D17-2250

[June 13, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph George Marx, Judge; L.T. Case No. 502017CA001113XXXXMBAN.

Anthony Brown of Lavalle, Brown & Ronan, P.A., Boca Raton, for appellant.

Ronald P. Ponzoli, Jr., of GrayRobinson, P.A., West Palm Beach, for appellee.

KLINGENSMITH, J.

Frederic Bouin appeals the trial court's dismissal of his seven-count complaint against his wife, Gina DiSabatino.[1] Bouin filed his complaint while a separate dissolution of marriage proceeding was pending before another judge. For the reasons set forth below, we find that it was error for the trial court to dismiss Bouin's complaint with prejudice without allowing for leave to amend. Therefore, we reverse.

Among the many allegations in his complaint, Bouin claimed DiSabatino had forged checks from his bank account, stolen his credit cards out of the mail, and transferred money to herself and her mother from Bouin's bank account without his permission. He also asserted that DiSabatino's actions caused him to be rejected for a $2,500,000 mortgage

---

[1] The complaint contained the following separate counts: Intentional Infliction of Emotional Distress; Tortious Interference with a Business Relationship; Breach of Contract; Conversion; Civil Theft; Violation of the Civil Remedies for Criminal Practices Act; and Defamation by Implication.

he sought for purchasing a house. The trial court ruled that all counts of the complaint were not only barred by the applicable statutes of limitations, but also failed to state a cause of action. Additionally, the court found that since the claims arose from acts that occurred during the parties' marriage, they were under the exclusive jurisdiction of the family court handling the dissolution proceeding. Consequently, it dismissed the complaint with prejudice pursuant to *Beers v. Beers*, 724 So. 2d 109 (Fla. 5th DCA 1998).

"'The standard of review of orders granting motions to dismiss with prejudice is *de novo*.'" *Preudhomme v. Bailey*, 211 So. 3d 127, 130 (Fla. 4th DCA 2017) (quoting *Garnac Grain Co. v. Mejia*, 962 So. 2d 408, 410 (Fla. 4th DCA 2007)).

"The purpose of a motion to dismiss is 'to test the legal sufficiency of the complaint, not to determine factual issues.'" *Rolle v. Cold Stone Creamery, Inc.*, 212 So. 3d 1073, 1076 (Fla. 3d DCA 2017) (quoting *The Fla. Bar v. Greene*, 926 So. 2d 1195, 1199 (Fla. 2006)). "When determining the merits of a motion to dismiss, a court may not go beyond the four corners of the complaint and must accept the facts alleged therein and exhibits attached as true, with all reasonable inferences drawn in favor of the pleader." *Regis Ins. Co. v. Miami Mgmt., Inc.*, 902 So. 2d 966, 968 (Fla. 4th DCA 2005).

During argument by counsel on the motion, the trial court recognized that if it were to dismiss the complaint based solely on the statute of limitations, it should be without prejudice. Specifically, the court commented at the hearing that Bouin could likely "clean up his counts and maneuver . . . differently" to comply with them. Ultimately, the trial court dismissed the complaint with prejudice, but the court correctly noted in its order that the failure to state a cause of action generally does not result in a dismissal with prejudice. Therefore, the trial court's dismissal with prejudice appears to be based solely on the court's application of *Beers* regarding the nonviability of maintaining a separate interspousal action outside of the dissolution proceedings.

"In general, there are two aspects to a court's subject matter jurisdiction. The first concept 'concerns the power of the trial court to deal with the class of cases to which a particular case belongs.'" *Garcia v. Stewart*, 906 So. 2d 1117, 1122 (Fla. 4th DCA 2005) (quoting *Paulucci v. Gen. Dynamics Corp.*, 842 So. 2d 797, 801 n.3 (Fla. 2003)). "The second aspect requires that a court's jurisdiction be lawfully invoked by the filing of a proper pleading." *Id.* "Whether a court has subject matter jurisdiction

2

is a question of law reviewed de novo." *Sanchez v. Fernandez*, 915 So. 2d 192, 192 (Fla. 4th DCA 2005).

As to whether separate interspousal actions may be brought outside of the dissolution case in a collateral proceeding, this court has observed:

> In *Waite v. Waite*, 618 So. 2d 1360 (Fla. 1993), the court abrogated the doctrine of interspousal immunity for all torts, thereby allowing spouses to sue one another for damages from tortious acts. The opened door raises an issue as to when such a suit may be brought. In *Snedaker v. Snedaker*, 660 So. 2d 1070 (Fla. 4th DCA 1995), we allowed the tort claim to be brought within the dissolution of marriage action. In *Hogan v. Tavzel*, 660 So. 2d 350 (Fla. 5th DCA 1995), the Fifth District allowed the claim to be brought three years after the marriage had been dissolved. In short, under Florida law an interspousal tort claim may be brought in the dissolution of marriage action, or it may be brought in a separate action not associated with a dissolution of marriage action.

*San Pedro v. San Pedro*, 910 So. 2d 426, 428 (Fla. 4th DCA 2005).

However, "[w]here no specific transaction or agreement exists between the spouses, the dissolution of marriage statute, specifically, subsection 61.075(1), provides the exclusive remedy where one's spouse has intentionally dissipated *marital* property during the marriage." *Beers*, 724 So. 2d at 117 (emphasis added); *accord Doctor Rooter Supply & Serv. v. McVay*, 226 So. 3d 1068, 1073 (Fla. 5th DCA 2017). As it relates to claims brought in a collateral proceeding involving one spouse's misappropriation of the other's *nonmarital* assets, the Fifth District in *Beers* stated:

> We do not address the propriety of the joinder of a separate count for conversion or fraudulent dissipation of *nonmarital* assets. *See, e.g., Delahunty v. Massachusetts Mut. Life Ins. Co.*, 236 Conn. 582, 674 A.2d 1290 (Conn. 1996), a decision cited by the former wife. Our decision also does not conflict with *Snedaker v. Snedaker*, 660 So. 2d 1070 (Fla. 4th DCA 1995), which approved the pleading of a battery claim as a separate count in a dissolution action.

*Beers*, 724 So. 2d at 117 n.6.

We understand the trial court's concerns regarding the prospect that maintaining a separate suit in a collateral proceeding might be considered

judge shopping.  Pursuing such an action for interspousal claims outside of the dissolution proceeding would provide an additional forum, and perhaps an even more contentious environment, to those spouses or ex-spouses eager to prolong their conflict.  Nonetheless, whether Bouin's complaint could be brought separately, or was exclusively within the jurisdiction of the dissolution case, depended on the trial court making findings of fact as to whether the claims involved marital or nonmarital property.  *See Demont v. Demont*, 67 So. 3d 1096, 1104 (Fla. 1st DCA 2011) ("The initial determination as to whether an asset is marital or non-marital is a fact-finding process.").

While it is true that the remedy for dissipation of marital assets lies via section 61.075(1), *see Beers*, 724 So. 2d at 117, there were no allegations within the "four corners" of the complaint, or attached thereto, that indisputably classified the property, monies, or assets in question as marital.  A motion to dismiss analyzes questions of law to test the legal sufficiency of a complaint, not the facts.  *See Rolle*, 212 So. 3d at 1076.  The trial court's determination that this case dealt with assets of the marital estate was fundamentally a fact-finding endeavor.  *See* § 61.075(6)(a), (b)(1); *Demont*, 67 So. 3d at 1104.  This was improper at the motion to dismiss stage.

Moreover, Bouin should have been provided the opportunity to amend his complaint at least once as a matter of course since no responsive pleading had been filed.  *See* Fla. R. Civ. P. 1.190(a) ("A party may amend a pleading once as a matter of course at any time before a responsive pleading is served . . . .  Leave of court shall be given freely when justice so requires."); *Boca Burger, Inc. v. Forum*, 912 So. 2d 561, 567 (Fla. 2005) ("[T]he first sentence of the rule grants plaintiffs an automatic right to amend the complaint once before a responsive pleading is served.").  We find that the trial court erred when it dismissed Bouin's complaint with prejudice.

*Reversed and remanded.*

DAMOORGIAN and FORST, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

4