DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**UNITED SERVICES AUTOMOBILE ASSOCIATION** a/s/o
**MELANIE MANZO-PIANELLI,**
Appellant,

v.

**DALLAS AARON ROBINSON, ESQ.,**
as Curator/Administrator Ad Litem of the **ESTATE OF NEIL SEIDEN,**
Appellee.

No. 4D21-2518

[January 25, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Keathan B. Frink, Judge; L.T. Case No. CACE09-057134.

Charles M-P George of Law Offices of Charles M-P George, Coral Gables, and Daniel M. Margrey of Wadsworth, Margrey & Dixon, Miami, for appellant.

Jacqueline G. Emanuel of Knoerr & Emanuel, P.A., Fort Lauderdale, for appellee.

GERBER, J.

United Services Automobile Association ("USAA") appeals from the circuit court's final judgment dismissing with prejudice USAA's subrogation action against the Estate of Neil Seiden ("Seiden"). USAA primarily argues that the circuit court erred in looking beyond the four corners of USAA's amended subrogation complaint in order to dismiss USAA's action on the grounds of res judicata, collateral estoppel, and law of the case. Applying de novo review, we agree with this argument. *See Norwich v. Glob. Fin. Assocs., LLC*, 882 So. 2d 535, 536 (Fla. 4th DCA 2004) ("We review a final order dismissing a complaint with prejudice *de novo*."). Therefore, we reverse the final judgment.

"The purpose of a motion to dismiss is to test the legal sufficiency of the complaint. The trial court may not look beyond the four corners of a

complaint when ruling on a motion to dismiss." *Id.* (internal citation omitted).

Here, the four corners of USAA's amended subrogation complaint did not allege the facts upon which the res judicata, collateral estoppel, and law of the case arguments were based. Thus, the circuit court's consideration of those facts as the grounds to dismiss USAA's action was error. As our sister court held in *Newberry Square Florida Laundromat, LLC v. Jim's Coin Laundry & Dry Cleaners, Inc.*, 296 So. 3d 584 (Fla. 1st DCA 2020):

> An affirmative defense cannot be raised by a motion to dismiss if the motion requires the court "to consider matters outside the four corners of the complaint." *Attias v. Faroy Realty Co.*, 609 So. 2d 105, 106 (Fla. 3d DCA 1992); *see also Williams v. Gaffin Indus. Servs., Inc.*, 88 So. 3d 1027, 1029 (Fla. 2d DCA 2012) (observing that "'[e]ven a relatively straightforward affirmative defense, such as one based upon the statute of limitations, is not a basis for dismissal unless the complaint affirmatively and clearly shows the conclusive applicability of the defense'" (citation omitted)). Or, stated differently, "[a] motion to dismiss should not be granted on the basis of … defenses unless the … defenses appear on the face of the pleading." *Mettler, Inc. v. Ellen Tracy, Inc.*, 648 So. 2d 253, 255 (Fla. 2d DCA 1994) (alteration added). It follows then that if "the basis for res judicata or collateral estoppel does not appear on the face of the complaint, those grounds cannot be determined by way of a motion to dismiss." *Garnac Grain Co. v. Mejia*, 962 So. 2d 408, 410 (Fla. 4th DCA 2007).

*Id.* at 589. *See also Norwich*, 882 So. 2d at 537 ("While the defenses of res judicata and collateral estoppel may be resolved through a motion for summary judgment, the trial court erred when it ventured outside the four corners of the complaint … and dismissed the complaint with prejudice."); *Garnac Grain Co.*, 962 So. 2d at 410 ("[W]here, as here, the basis for res judicata or collateral estoppel does not appear on the face of the complaint, those grounds cannot be determined by way of a motion to dismiss.").

Although USAA's appeal has raised four other arguments, we are constrained from considering those arguments, as each would require us to look beyond the four corners of USAA's complaint, which we cannot do, as explained above. Our inability to consider those arguments should not be interpreted by the parties or the circuit court as any comment on whether any of those arguments are meritorious.

*Reversed and remanded for proceedings consistent with this opinion.*

MAY and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**