DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NIXON JEAN PIERRE,**
Appellant,

v.

**SBL FREIGHTLINER LLC** d/b/a
**LOU BACHRODT FREIGHTLINER OF BROWARD COUNTY,**
Appellee.

No. 4D2024-3187

[March 25, 2026]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Allison Gilman, Judge; L.T. Case No. COSO23003786.

James Gerald Jean-Francois of the Law Offices of James Jean-Francois, P.A., Hollywood, for appellant.

Jeffrey William Hurcomb of Roberts, Reynolds, Bedard & Tuzzio, PLLC, West Palm Beach, and Eric Jay Stockel of Schouest, Bambas, Soshea & Benmaier, PLLC, Boca Raton, for appellee.

KLINGENSMITH, J.

Appellant Nixon Jean Pierre appeals the trial court's order dismissing with prejudice his first amended complaint against Appellee SBL Freightliner, LLC. Appellant argues the trial court should have denied Appellee's dismissal motion or, alternatively, granted Appellant leave to amend his complaint to plead additional facts supporting his claims. We affirm the dismissal of the first amended complaint without discussion, but reverse because that dismissal should not have been with prejudice.

The dispute between these parties relates to Appellee's alleged unsatisfactory repairs to Appellant's leased commercial vehicle. Appellant's initial complaint pled one count for breach of contract. The trial court dismissed the complaint but granted Appellant leave to amend. Appellant's amended complaint was still based on Appellee's alleged unsatisfactory repairs, but instead pled counts for negligence and violation of Florida's Deceptive and Unfair Trade Practices Act. Appellee again moved to dismiss the complaint.

At the hearing on Appellee's second dismissal motion, Appellee's attorney stated he had no problem with the trial court giving Appellant another opportunity to amend the complaint, and acknowledged that Appellant could remedy certain defects in the complaint with an amendment. Despite this, the trial court stated that it was dismissing the first amended complaint with prejudice because the proceedings had been pending for a year and a half.

We review the dismissal of a complaint with prejudice de novo. *Barr v. MS Int'l, Inc. of Cal.*, 410 So. 3d 1219, 1221 (Fla. 4th DCA 2025) (citing *Preudhomme v. Bailey*, 211 So. 3d 127, 130 (Fla. 4th DCA 2017)). The denial of an opportunity to amend is reviewed for an abuse of discretion. *Id.* (citing *Preudhomme*, 211 So. 3d at 131). Generally, "refusal to allow amendment constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile." *Preudhomme*, 211 So. 3d at 131 (quoting *Yun Enters., Ltd. v. Graziani*, 840 So. 2d 420, 423 (Fla. 5th DCA 2003)).

Here, the trial court's reasoning—that the proceedings had been pending for a year and a half—does not justify the dismissal of Appellant's amended complaint with prejudice. Nor does the record clearly show that this case meets any of the criteria set forth above to justify dismissal with finality. *See id.*

First, nothing indicates that further amendment of the complaint would prejudice Appellee. Quite the contrary. Not only did Appellee never argue that it would be prejudiced by another amendment to the complaint, but Appellee also never objected to Appellant receiving another opportunity to state a viable cause of action or to clarify and resolve any alleged contradictions or deficiencies inherent in the first amended pleading and its attachments.

Second, Appellant has only amended his complaint twice, and two prior attempts to amend without more do not necessarily demonstrate an abuse of the privilege to amend. *See Pangea Produce Distribs., Inc. v. Franco's Produce, Inc.*, 275 So. 3d 240, 242 (Fla. 3d DCA 2019) (concluding dismissal with prejudice was not appropriate where the plaintiff had only amended the complaint twice before). Appellee argues Appellant abused the privilege to amend by willfully disobeying certain directions from the trial court's first order of dismissal. However, the trial court's order dismissing the initial complaint simply required Appellant to amend his complaint within twenty days, which Appellant did.

2

Finally, the record does not demonstrate with certainty that Appellant could not amend his complaint to state a cause of action. *See Cooksey v. Town of Ocean Ridge*, 426 So. 3d 897, 899 (Fla. 4th DCA 2025) (reversing dismissal of second amended complaint because the Court could not say with certainty that the appellant could not amend his complaint to state a cause of action); *Hess v. PMG-S2 Sunny Isles, LLC*, 349 So. 3d 547, 549 (Fla. 3d DCA 2022) (explaining that amendment is not futile unless there is a deficiency in the complaint that cannot be cured by amendment). Further, the trial court did not find that another amendment to the complaint would be futile.

We therefore reverse the dismissal order and remand with instructions to allow Appellant an opportunity to amend the complaint.

*Reversed and remanded with instructions.*

FORST and SHEPHERD, JJ., concur.

*       *       *

***Not final until disposition of timely-filed motion for rehearing.***

3